**MEMORANDUM ENDORSED**



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2021
```

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

JAMES E. JOHNSON
*Corporation Counsel*

KATHERINE J. WEALL
*Senior Counsel*
Phone: (212) 356-5055
Mobile: (646) 370-0051
Email: kweall@law.nyc.gov

March 23, 2021

**BY ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Peter Rodriguez v. City of New York, et al.
             20 Civ. 9840 (GHW)

Your Honor:

      I am the attorney for defendants the City of New York, Captain Bonar Moise, Captain Shaday Gibson, Correction Officer Temir Williams, and Correction Officer Peter Ferraro in the above-mentioned matter. I write to respectfully request a stay of the present civil proceeding as it pertains to defendant Correction Officer Aleksandr Galuzevskiy, in light of his military leave. I do not yet represent C.O. Galuzevskiy and am unable to determine representational issues as long as he is on military leave. Plaintiff Peter Rodriguez has informed me that he consents to the stay as long as it does not interfere with deadlines in the case. Because a stay would necessarily affect any deadlines as they pertain to C.O. Galuzevskiy, plaintiff does not, therefore, consent to my request.

      By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that he was sprayed with a fire extinguisher and mace as a result of an incident in which he started a fire in his cell at the Manhattan Detention Complex on or about August 31, 2020, and, further, that C.O. Galuzevskiy has been harassing him as a result of his filing of this lawsuit. Plaintiff names the City of New York and the above-mentioned captains and officers as defendants in this action. In accordance with the Court's January 21, 2021 Order, defendants' answer is due on April 5, 2021. (ECF No. 24). On or about January 25, 2021, however, I learned that C.O. Galuzevskiy was on military leave, with his military orders extending through March 31, 2021. On March 17, 2021, I spoke with First Lieutenant Daniel Graham of the Department of the Army, New York Army National Guard, to determine when C.O. Galuzevskiy's tour of duty would end. First Lieutenant Graham informed me that C.O. Galuzevskiy's orders have been extended until September 30, 2021. He also told me that C.O. Galuzevskiy is currently on duty related to the New York State COVID-19 testing and vaccination efforts.

The statutory basis for a stay of these civil proceedings in these circumstances is the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 3932 (formerly 50 U.S.C.S. Appx. § 522). By its terms, this statute applies to any civil action or proceeding, where the defendant has received notice of the proceeding and is in military service or is within 90 days after termination of or release from such service. 50 U.S.C.S. § 3932(a). The operative provision states that: "<u>At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court</u> may on its own motion and <u>shall, upon application by the servicemember, stay the action for a period of not less than 90 days</u>, if the conditions in paragraph (2) are met." 50 U.S.C.S. § 3932(a) (emphasis added).[1] The purpose of the statute is to prevent adverse consequences to members of the armed services who are unable to appear and defend themselves. <u>United States v. Kaufman</u>, 453 F.2d 306, 308-09 (2d Cir. 1971) (citation omitted).

Pursuant to the statute, therefore, a court shall grant a servicemember's application for a stay and stay the action for at least 90 days, so long as the application includes the requisite information. 50 U.S.C.S. § 3932(b)(1). Where the party applies for a stay, the trial court must grant the request unless of the opinion that the ability of the defendant to defend the action is not materially affected by reason of his military service. <u>Davis v. Wyche</u>, 224 N.C. 746, 32 S.E.2d 358, 359-60 (1944). The act is always to be liberally construed to protect those who have been obliged to abandon their own affairs to assume the burdens of military service. <u>Boone v. Lightner</u>, 319 U.S. 561, 575 (1943) (affirming denial of stay where the trial court had found that defendant's failure to be present at trial was voluntary rather than due to his military service, and that the statute had been invoked in bad faith to evade a determination of the litigation on the merits).

Courts have routinely granted applications to stay actions brought pursuant to § 1983, while a defendant who is on active duty in the military is unavailable to participate in the litigation because of his or her military service. See <u>Holder v. City of New York, et al.</u>, 05 CV 699 (NGG) (SMG), June 21, 2005 Docket Entry ("DE") dated June 21, 2005, (E.D.N.Y. June 21, 2005) (staying action pursuant to the Soldiers' and Sailors' Relief Act, 50 USC § 521, the predecessor to the analogous statute that applies where defendant has not yet received notice of the action, for more than 13 months in light of defendant officer's military deployment)[2]; <u>Klieman v. City of New York, et al.</u>, 10 CV 8876 (DAB), DE # 16 (S.D.N.Y. Oct. 18, 2011) (granting request to extend stay until after defendant officer's return from military service); <u>Hollins, et al., v. City of New York, et al.</u>, 10 CV 1650 (LAK), DE # 8 (S.D.N.Y. Nov. 15, 2010) (granting request to stay action until after defendant's return from overseas military service); <u>Abraham v. New York City, et al.</u>, 10 CV 2323, DE dated August 5, 2010 (NGG) (RER) (E.D.N.Y. Aug. 5, 2010) (granting motion to stay action pending defendant officer's return from military service); <u>Means v. McLean</u>, 03 CV 360 (SLT) (LB), DE # 25, Slip Op. at

---

[1] Paragraph (2) addresses the requirements for a letter that, in essence, states the manner in which military service materially affect the servicemember's ability to appear and the time when he will be available, and from the servicemember's commanding officer stating that he cannot appear because of military service. If necessary, defendants will submit a letter from C.O. Galuzevskiy's commanding officer at the appropriate time.

[2] I would be pleased to forward copies of these unreported decisions that are available on ECF should the court desire to them.

*1-2 (E.D.N.Y. May 6, 2005) (reversing magistrate judge's denial of stay; ruling that case was to be stayed for 90 days because of individual defendant's absence while on active military service; recognizing the individually-named defendant's primary role in the events underlying plaintiff's allegations and the lack of prejudice to plaintiff); Smith v. City of New York et al., 04 Civ. 2663 (ILG) (RER), DE # 7 (E.D.N.Y. Oct. 28, 2004) (ordering case stayed for 90 days pending return of defendant officer from active military duty, as well as two subsequent extensions of the stay); Khalid v. Greiner, et al., 00 CV 7691, DE # 36 (S.D.N.Y. Sept. 5,2002) (granting motion for stay until 60 days after defendant officer's return to civilian status); Cruz v. Reiner, et al., 11 CV 2131, DE # 62, Slip Op. at *1-2 (E.D.N.Y. March 14, 2012) (granting motion to stay pending officer's return from military service; recognizing that the statute mandates a stay, thus depriving the court of authority to deny the application in its discretion).

Due to his military service, CO Galuzevskiy is entitled to a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 3932, et seq. Because of his active military status, I have been unable to resolve representation with CO Galuzevskiy. Moreover, because the case will proceed as to the remaining named officers, it is defendant's position that plaintiff will suffer no prejudice if this request is granted.

Accordingly, defendants respectfully request that the Court stay this action as to CO Galuzevskiy pending his return to active service with DOC. Defendants further suggest that, to the extent the Court is inclined to grant the within request, the undersigned will advise the Court on or about September 30 concerning CO Galuzevskiy's anticipated return to active duty and the ability of this Office to proceed with the defense of this action as to him. Defendants thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Katherine J. Weall*

Katherine J. Weall
Senior Counsel

cc: Peter Rodriguez
B&C No. 349-16-03090
Manhattan Detention Complex
125 White Street
New York, NY 10013

Application granted.  This action is stayed as to Correction Officer Aleksandr Galuzevskiy until C.O. Galuzevskiy's tour of duty ends.  Counsel for Defendants is directed to provide the Court with an update regarding C.O. Galuzevskiy's status by no later than October 15, 2021.

Counsel for Defendants is directed to mail a copy of this order to all defendants unrepresented by counsel.

The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.
SO ORDERED.

Dated: March 23, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge