UNITED STATESS DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

PETER RODRIGUEZ,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK  et al.,

                        Defendants.

------------------------------------------------------- x

**ANSWER**

20-CV-9840 (GHW)

**Jury Trial Demanded**

Defendants[1] The City of New York, Captain Bonar Moise and Shaday Gibson, and Correction Officers Temir Williams and Peter Ferraro as and for their Answer to the Second Amended Complaint, filed February 9, 2021 ("Complaint"), respectfully:

1.      Deny the allegations in paragraph "1" of the Complaint, except admit on information and belief that plaintiff was a pre-trial detainee, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's citizenship.

2.      Deny the allegations in paragraph "2" of the Complaint, except admit that plaintiff started a fire in his cell.

3.      Deny the allegations in paragraph "3" of the Complaint,  except admit that defendants Ferraro, Moise, and Williams responded to the fire in plaintiff's cell, and deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning defendant Galuzevskiy,

4.      Deny the allegations in paragraph "4" of the Complaint.

5.      Deny the allegations in paragraph "5" of the Complaint.

---

[1] Defendant Galuzevskiy is currently on military leave from the New York City Department of Correction, and the Court has granted a stay of this proceeding as to him pending his return from military duty.

6.      Deny the allegations in paragraph "6" of the Complaint.

7.      Deny the allegations in paragraph "7" of the Complaint.

8.      Deny the allegations in paragraph "8" of the Complaint.

9.      Deny the allegations in paragraph "9" of the Complaint.

10.     Deny the allegations in paragraph "10" of the Complaint.

11.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint.

12.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint.

13.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Complaint.

14.     Deny the allegations in paragraph "14" of the Complaint.

15.     Deny the allegations in paragraph "15" of the Complaint.

16.     Deny the allegations in paragraph "16" of the Complaint.

17.     Deny the allegations in paragraph "17" of the Complaint, except admit on information and belief that plaintiff was issued an infraction as a result of the incident which was subsequently dismissed due to a due process violation.

18.     Deny the allegations in paragraph "18" of the Complaint.

19.     Deny the allegations in paragraph "19" of the Complaint.

20.     Deny the allegations in paragraph "20" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a corrections department, and respectfully refer to the New York City

Charter and the Administrative Code for a recitation of the relationship between the City and the DOC.

21.     Deny the allegations in paragraph "21" of the Complaint.

22.     Deny the allegations in paragraph "22" of the Complaint, except admit that in August 2020 Moise was employed by the City as a correction captain, and state that allegations regarding his supervision and official duties are legal conclusions to which no response is required.

23.     Deny the allegations in paragraph "23" of the Complaint, except admit that in August 2020 Williams was employed by the City as a correction officer and state that allegations regarding his official duties are legal conclusions to which no response is required, and deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Galuzevskiy.

24.     Deny the allegations in paragraph "24" of the Complaint, except admit that in August 2020 Ferraro was employed by the City as a correction officer, and state that allegations regarding his official duties are legal conclusions as to which no response is required.

25.     Deny the allegations in paragraph "25" of the Complaint, except admit that in August 2020 Gibson was employed by the City as a correction captain, and state that allegations regarding her supervision and official duties are legal conclusions as to which no response is required.

26.     Deny the allegations in paragraph "26" of the Complaint.

27.     Deny the allegations in paragraph "27" of the Complaint, except admit that plaintiff invokes the jurisdiction of this Court as stated therein.

### FIRST AFFIRMATIVE DEFENSE

28.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

29.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

30.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

31.     The individual defendants acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

32.     Plaintiff's claims may be barred, in whole or in part, under § 1997 e(e) of the Prison Litigation Reform Act.

## SIXTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims may be barred, in whole or in part, by his failure to properly exhaust his administrative remedies under the Prison Litigation Reform Act.

## SEVENTH AFFIRMATIVE DEFENSE

34.     Plaintiff failed to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

35.     Plaintiff provoked, or was at fault for any alleged incident.

## NINTH AFFIRMATIVE DEFENSE

36.     Punitive damages cannot be assessed as against The City of New York and the individual defendants]in their official capacities.

## TENTH AFFIRMATIVE DEFENSE

37.     To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**WHEREFORE,** defendants The City of New York, Moise, Williams, Ferraro, and Gibson request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
            April 5, 2021

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
*Attorney for Defendants The City of New York,*
*Moise, Williams, Ferraro and Gibson*
100 Church Street
New York, New York 10007
(212) 356-5055/(646) 370-0051


By:      /S/ *Katherine J. Weall*

Katherine J. Weall
Senior Counsel
Special Federal Litigation Division


To:     Peter Rodriguez.   (By U.S. Mail)
          *Plaintiff Pro Se*
          DIN 349-16-03090
          Manhattan Detention Complex
          125 White Street
          New York, NY 10013

- 5 -