```
┌────────────────────────────────────────┐
│ USDC SDNY                               │
│ DOCUMENT                                │
│ ELECTRONICALLY FILED                    │
│ DOC #: _____                 │
│ DATE FILED: 4/19/2021                   │
└────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                :

   PETER RODRIGUEZ,                  :

                                :

                      Plaintiff,    :        1:20-cv-9840-GHW

                                :

         -v -                    :        <u>ORDER</u>

                                :

   CITY OF NEW YORK, E.S.U. CAPTAIN  :

   MOISE #1451, E.S.U. OFFICER      :

   GALVEZVSKIY #8957, E.S.U. OFFICER  :

   TEMIR WILLIAMS #11475, CORRECTION :

   OFFICER FERRARO #1805, and CAPTAIN :

   GIBSON,                       :

                                :

                     Defendants.  :

                                :
------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      On February 17, 2021, the Court ordered that all parties appear via telephone for an initial

pretrial conference with the Court on **April 23, 2021 at 4:00 p.m.**  Dkt. No. 36.  That order directed

the Warden or other official in charge of the Manhattan Detention Complex, where Mr. Rodriguez

was then located, to produce Mr. Rodriguez.  On April 12, 2021, Mr. Rodriguez informed the Court

that he was relocated to the North Infirmary Command (NIC) on Rikers Island at 15-00 Hazen

Street, East Elmhurst, NY 11370.  Accordingly, Defendants' counsel's request to adjourn the April

23, 2021 conference based on the schedule of an employee at the Manhattan Detention Complex,

Dkt. No. 56, is denied.   Dkt. No. 56.

      IT IS ORDERED that the Warden or other official in charge of the facility located at 15-00

Hazen Street, East Elmhurst, NY 11370 produce Peter Rodriguez, NYSID No. 09839298P and

B&C No. 3491603090, on April 23, 2021, no later than 4:00 p.m., to a suitable location within the

15-00 Hazen Street facility that is equipped with a telephone, for the purpose of participating by

telephone in a conference with the Court and defense counsel.  If this time and date presents an

inconvenience, the Warden or the Warden's designee should promptly inform Chambers by calling the Courtroom Deputy at (212) 805-0296.

Defense counsel must:  (1) send this order to the Warden immediately; (2) contact the correctional facility identified above to determine the telephone number at which the plaintiff will be reachable at the time and date of the conference; and (3) telephone the Court with the plaintiff on the line at the time and date of the conference.  The parties are directed to use the Court's designated conference line at (888) 557-8511, and enter Access Code 747-0200, followed by the pound (#) key.

Any party who has retained counsel prior to the conference need not personally participate and should instead have their attorney participate on their behalf.  The attorney who will serve as principal trial counsel must participate in all pretrial conferences.  By the date of the initial pretrial conference, counsel for any represented party is required to register as a filing user in accordance with the Procedures for Electronic Case Filing.

The purpose of the conference is to discuss the possibility of settlement, any possible motions the parties may wish to make, and the schedule for discovery.  The parties should be prepared to discuss the type of discovery that will likely be sought.  Before the conference, the parties are encouraged to confer and jointly submit a proposed case management plan based on the Court's template, which is available at https://nysd.uscourts.gov/hon-gregory-h-woods and attached to this order.  To the extent that the parties are unable to submit a case management plan in advance, they should be prepared to discuss one at the conference.

If this case has been settled or otherwise terminated, the parties are not required to appear if a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on ECF in accordance with ECF Rule 13.19 prior to the date of the conference.  *Pro se* litigants who are not ECF filing users may deliver such documents to the Clerk's Office in paper form.

The parties should abide by this Court's Individual Rules of Practice in Civil *Pro Se* Cases, which are available at https://nysd.uscourts.gov/hon-gregory-h-woods and attached to this Order. This Court reminds *pro se* parties that the *Pro Se* Office is a valuable resource in assisting litigants who proceed in federal court without the assistance of counsel.  The *Pro Se* Office is located at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007 and may be reached at (212) 805-0175.  The Court also reminds *pro se* parties that they are obligated to promptly notify the *Pro Se* Office of any change in their service address; if a *pro se* party fails to inform the Court of any such change, the Court will not be able to contact the litigant, and may find the party to be in default or dismiss the party's claims.

The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.  The Clerk of Court is further directed to terminate the motion pending at Dkt. No. 56.

SO ORDERED.

Dated:  April 19, 2021
New York, New York

GREGORY H. WOODS
United States District Judge

Revised November 14, 2019

**INDIVIDUAL RULES OF PRACTICE IN CIVIL *PRO SE* CASES**

**Gregory H. Woods, United States District Judge**

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered, these Individual Practices apply to all civil *pro se* matters before Judge Woods. These are rules that the parties in *pro se* matters must follow, unless the Court orders otherwise. The Court's website also contains useful information regarding the litigation process for parties who are proceeding *pro se*. The Court recommends that *pro se* litigants take advantage of that resource, which is available at** [https://nysd.uscourts.gov/sites/default/files/practice_documents/ghwIndividualRulesOfPracticeInCivilProSeCases.pdf](https://nysd.uscourts.gov/sites/default/files/practice_documents/ghwIndividualRulesOfPracticeInCivilProSeCases.pdf)**.**

1. **Communications with Chambers**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be hand delivered or mailed to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or to their counsel if they are represented. No document or filing should be sent directly to Chambers. Absent a request to file a communication under seal, the parties should assume that any communication with the Court will be placed on the public docket.

   B. **By Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party are governed by Judge Woods's Individual Practices in Civil Cases, available at [https://nysd.uscourts.gov/hon-gregory-h-woods](https://nysd.uscourts.gov/hon-gregory-h-woods).

   C. **Requests for Adjournment or Extensions of Time.** All requests for adjournments or extensions of time must be made by letter and must state: (1) the original due date; (2) the number of previous requests for adjournment or extension of time; (3) the reason for the current request; (4) whether the adversary consents and, if not, the reason given by the adversary for refusing to consent; and (5) proposed alternative dates. If the requested adjournment or extension affects any other scheduled dates, a *pro se* party may, but is not required to, submit a proposed Revised Civil Case Management Plan and Scheduling Order. Absent an emergency, the request must be made at least two business days prior to the original due date.

2. **Filing and Service of Papers**

   A. **Papers Filed by *Pro Se* Parties.** All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, should be delivered in person or sent by mail to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007. All papers must be accompanied by an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented.

   B. **ECF Filing by *Pro Se* Parties.** *Pro se* parties may be able to participate in electronic case filing, so that they can file documents with the Court electronically, and receive service of Court filings electronically. Any *pro se* litigant who wishes to participate in electronic case filing must file a Motion for Permission for Electronic Case Filing (available at https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf and in the Pro Se Office) and deliver a paper copy of the Motion to the other parties.

   C. **Service on *Pro Se* Parties.** Except for cases in which the *pro se* party has received permission to participate in electronic case filing, counsel in cases involving *pro se* parties must serve the *pro se* parties with paper copies of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without such proof of service will not be considered.

   D. **Docketing of Communications with the Court.** Absent a request to file a communication with the Court under seal, the Court will docket any substantive communication with the Court on ECF, a publically accessible database.

   E. **Sensitive Information.** Unless relevant to the case, parties must not include in submissions to the Court (1) social security numbers; (2) names of minor children; (3) dates of birth; (4) financial account numbers; or (5) home addresses. *Pro se* parties wishing to file a document already containing this information must submit a redacted version to the Pro Se Office. If this information is relevant to the case, the filing party must request permission from the Court prior to filing and explain why the information needs to be included. More information regarding the Southern District's privacy policy is available at https://nysd.uscourts.gov/privacy-policy.

   F. **Redactions and Filing Under Seal.** In limited circumstances, the Court may grant leave to a party to either redact information other than the sensitive information described in the preceding paragraph, or to file a document under seal. Information contained in a redacted or sealed document authorized by the Court is generally made available to the other parties in the case. Judge Woods has rules regarding redactions and filing under seal, which must be followed. Those rules are contained in Judge Woods's Individual Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-gregory-h-woods.

2

3. **Initial Case Management Conference**

The Court will generally schedule an initial case management conference within three months of the filing of the complaint.  An incarcerated party will generally not be able to attend this or other conferences, but will have the opportunity to participate by telephone.  If a family member or friend of an incarcerated party wishes to attend the conference, that person may contact Anthony Daniels, Courtroom Deputy, at (212) 805-4233, to get the location of the conference.

4. **Discovery**

All discovery requests, and responses to discovery requests, must be sent to counsel for the opposing party.  Discovery requests, and responses to discovery requests, should *not* be sent to the Court or the Pro Se Office.

5. **Motions**

A. **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

B. **Courtesy Copies.**  One courtesy copy of all formal motion papers, marked as such, should be submitted to Chambers *by the non-pro se party* at the time the reply is due.  Courtesy copies should not be submitted to chambers at the time of filing.  If all parties are *pro se*, then courtesy copies of formal motion papers are not required.

C. *Pro Se* **Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

D. **Oral Argument.**  The Court does not generally hear oral argument in *pro se* matters.  Unless otherwise ordered by the Court, the parties should not anticipate oral argument.

6. **Trial Documents**

A. **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of discovery, the plaintiff in a *pro se* case must file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial.  The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff.  If *pro se*, the plaintiff must file an original of this Statement, plus two courtesy copies, with the Pro Se Office and serve a copy on all defendants or their counsel if they are represented.  The original Statement must include an Affidavit of Service or other

statement affirming that the plaintiff sent copies to all other parties or to their counsel if they are represented.  Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar statement containing the same categories of information.

**B.  Other Pretrial Filings.**  If the case is to be tried before only a judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.  If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement.  The *pro se* party may, but is not required to, file such documents.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                   :

                                   :

                     Plaintiff(s),  :

                                   :

          -against -          :

                                   :

                                   :

                                   :

                 Defendant(s). :

                                   :

-------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: |

1:        -cv-       -GHW

**CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER**

GREGORY H. WOODS, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining paragraphs need not be completed.  Instead, the parties should submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.     The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     Alternative Dispute Resolution/Settlement

     a.     Settlement discussions [have _____ / have not _____] taken place.

     b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

               _____

               _____

               _____

     c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

               _____

               _____

               _____

d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

_____

_____

e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4.      Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within _____ days from the date of this Order.  [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order.  [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6.      [*If applicable*]  The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____. [*Absent exceptional circumstances, a date not more than 10 days following the initial pretrial conference.*]

7.      Fact Discovery

a.      All fact discovery shall be completed no later than _____. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by _____.

c.      Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by _____.  No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

d.      Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery.  No other interrogatories are permitted without prior express permission of the Court.

e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____.

f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____. [*Absent exceptional circumstances, a date not less than 30 days prior to the date set forth in paragraph 7(a).*]

2

g.  Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8.  Expert Discovery

a.  Anticipated types of experts, if any:

_____
_____
_____

b.  All expert discovery shall be completed no later than _____.
[*Absent exceptional circumstances, a date 45 days from the date set forth in paragraph 7(a).* <u>*Omit unless types of experts are identified.*</u>]

c.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by _____.
[*Absent exceptional circumstances, the date set forth in paragraph 7(a).*]  Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by _____.  [*Absent exceptional circumstances, a date two weeks following the preceding date.*]

d.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence.  All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(b).

9.  All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

10.  Motions for summary judgment, if any, shall be filed no later than _____.
[*Absent exceptional circumstances, 30 days from the date in paragraph 8(b) (i.e., the completion of discovery).*]  Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery.  The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters.  In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

11.  The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion.  The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

12.     The parties expect that this case [is _____ / is not _____] to be tried to a jury.

13.     Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

14.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____

_____

_____

Counsel for the Parties:

_____          _____

_____          _____

[*TO BE COMPLETED BY THE COURT:*]

        The Court will hold a status conference on _____.
A joint letter updating the Court on the status of the case shall be filed on ECF by
_____.  The letter should include the following information in separate paragraphs:

        (1)  all existing deadlines, due dates, and/or cut-off dates;

        (2)  a brief description of any outstanding motions;

        (3)  a brief description of the status of discovery and of any additional discovery that remains to be completed;

        (4)  the status of settlement discussions;

        (5)  the anticipated length of trial and whether the case is to be tried to a jury;

        (6)  whether the parties anticipate filing motions for summary judgment; and

        (7)  any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

        This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

        SO ORDERED.

Dated:
New York, New York                          _____
                                                    GREGORY H. WOODS
                                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# DISCOVERY

This guide is intended to be a summary of basic discovery procedures. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's local rules, or the individual practices and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Discovery

**What is discovery?**

- Discovery is the process through which the parties exchange information that may be helpful to prove their claims or defenses.

- The discovery process is governed by Federal Rules of Civil Procedure 26–37, 45, and the court's Local Civil Rules.

- Discovery generally begins after the defendant files an answer, the parties hold a discovery planning conference, and the judge issues a scheduling order.

- The discovery process is designed to go forward between the parties with minimal court involvement. Discovery issues should only be raised with the court if the parties have a dispute and cannot resolve the disagreement themselves.

- This packet will discuss the different discovery methods.

- Although many of the instructions below refer to "you," the requirements described apply to all parties.

**How do I serve discovery requests and responses?**

- A discovery request or response can be served by any method described in Federal Rule of Civil Procedure 5(b), including:
  - by mailing it
  - by handing it to the person
  - by leaving it at the person's office with a clerk or person in charge, or
  - by emailing it, if the parties have agreed to exchanging documents by email.

- To serve a discovery request on a nonparty (where permissible), you must follow the procedures in Federal Rule of Civil Procedure 45.



- You must sign your discovery requests and responses and include your name, address, phone number, and email address (if available).

### Do I have to file discovery requests or responses with the court?

- No. Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 state that discovery documents should not be filed with the court unless the judge requires the parties to file them.

### What are initial mandatory disclosures? (Rule 26(a))

- There is certain information that the parties must share with each other once a lawsuit has been filed, even before the other party requests it. Within 14 days after your discovery planning conference with your adversary, each party must provide to the other party:

  o The name, address, and phone number of anyone likely to have discoverable information that the party may use to support a claim or defense

  o A copy or a description (including category and location) of all documents, electronically stored information, and tangible things that the party has and may use to support a claim or defense

  o A calculation of each category of damages the party is claiming and the documents or materials on which the calculation is based

  o Any insurance agreement the party may have that may pay any judgment against it or that may indemnify or reimburse for payments made to satisfy the judgment.

- There are certain types of cases that are exempt from these initial disclosures. For example, if you are currently incarcerated, these disclosures are not automatically required in your case. Refer to Federal Rule of Civil Procedure 26(a)(1)(B) to see if your case falls into a category that is exempt.

### What if I am currently incarcerated?

- Local Civil Rule 33.2 – which applies to prisoner cases in which the plaintiff does not have a lawyer and alleges (1) use of force; (2) inmate-against-inmate assault; or (3) disciplinary due process violations where the punishment was confinement in the segregated housing unit for more than 100 days – requires defendants to automatically provide certain discovery to the plaintiff.

- The defendants must disclose the required information and documents within 120 days of when the complaint is served.



## What else must the parties disclose?

- If a party plans to call an expert witness, the party must provide an expert report that includes, among other things, a complete statement of all opinions the expert will express. See Fed. R. Civ. P. 26 (a)(2).

- If your case proceeds to trial, there is additional information that the parties will have to disclose, such as the identity of any witnesses they plan to call at trial. The judge will issue an order describing and setting a schedule for these pretrial disclosures.

## What is the scope of discovery? (Rule 26(b))

- Unless the judge sets other limits, parties may obtain discovery regarding any nonprivileged matter
  - that is relevant to a claim or defense of any party, and
  - is proportional to the needs of the case, considering
    - the importance of the issues at stake in the case
    - the amount in controversy in the case
    - your access to information relative to your adversary and your resources
    - the importance of the discovery in resolving the issues, and
    - whether the burden and expense of the proposed discovery outweighs its likely benefit.

## What are the limits on discovery? (Rule 26(b))

- The court may impose further limits on discovery, because, for example:
  - the discovery seeks information already provided or available from a more convenient and less expensive source
  - the party seeking the discovery has already had a chance to obtain the information
  - the discovery seeks documents and tangible things prepared for trial, or
  - the information requested is privileged, for example, due to the attorney-client or doctor-patient privilege, or is protected by confidentiality agreements.

## What if the parties have a disagreement about discovery?

- Disagreements about discovery are not uncommon. All parties must conduct discovery in good faith. This means that they must attempt to resolve disputes between themselves, for example, by discussing the matters in a telephone call, before seeking assistance from the judge.



- If the parties are unable to resolve discovery disputes after making good faith efforts to do so, it may be necessary to seek the judge's intervention.

- If you are not able to resolve discovery disputes by discussing them with the other side, Local Civil Rule 37.2 requires that you request a conference with the judge. You do this by writing a letter to the judge and delivering or mailing the letter to the Pro Se Intake Unit (the courthouse addresses are on the front page of this document).

# Pretrial Conferences

- The judge may schedule a number of pretrial conferences in your case.

- Once the defendant has filed an answer to the complaint, or after there has been a decision on a motion to dismiss the complaint, the judge may schedule an initial case management conference, also known as a Rule 16 conference or scheduling conference.

- A pretrial conference typically is held in the judge's courtroom with the parties or their lawyers present. In prisoner cases or cases where a party does not live in the area, the conference may be held by telephone or videoconference.

- At the conference, the parties and the judge will discuss and resolve scheduling or discovery issues or other matters.

- Scheduling of conferences is not automatic; it is up to the judge whether and when to hold conferences.

- Later pretrial conferences may be held to deal with changes to the schedule, to try to settle the case, to resolve discovery disputes, or to discuss a plan for trial.

### The Initial Case Management Conference (Rule 16)

- The initial case management conference often is the first opportunity for you and opposing counsel to meet with the judge and briefly describe the nature of your claims and the defendant's defenses. The judge will discuss discovery and the parties' discovery plan (if there is one), and whether the case can be settled at an early date.

- Opposing counsel may contact you to discuss a plan for discovery. This is because, except in certain types of cases (for example, where the plaintiff is incarcerated and does not have an attorney), Federal Rule of Civil Procedure 26(f) requires that you and the other parties to your case hold a conference to make a plan for discovery.

- This conference, which may be by telephone, must be held as soon as possible, but at least 21 days before the court is to hold an initial case management conference or a scheduling order is due. See Fed. R. Civ. P. 16.



- After the parties have their discovery conference, they must submit an outline of their proposed discovery plan to the court.

- At the initial case management conference, the parties and the judge will discuss a plan for discovery. At or after the conference, the judge will likely enter a scheduling order setting deadlines for amendment of the pleadings, motions, and the completion of discovery.

## Conduct at All Conferences

- When attending a conference, all parties should show respect for the judge by dressing neatly and being on time. A conference may be held in the courtroom or in a conference room.

- If the conference is held in the courtroom, the judge will sit on the bench and the parties will sit at the tables. The judge's deputy clerk will tell you where to sit.

- Whenever you speak to the judge, you should stand, unless the judge says otherwise. It is customary to refer to the judge as "Your Honor."

# Interrogatories (Rule 33)

## What are interrogatories?

- Interrogatories are written questions that the parties may serve on each other to help them learn information about the case.

- Federal Rule of Civil Procedure 33 and Local Civil Rules 33.2 and 33.3 explain the requirements for interrogatories.

## To whom can I direct interrogatories?

- You may serve interrogatories only on parties to the litigation.

## How much does it cost to serve interrogatories?

- The only cost is the cost of drafting and serving the questions on the party.

## What types of questions can I ask?

- The purpose of your interrogatories should be to uncover evidence for your case.

- Under Local Civil Rule 33.3, at the beginning of discovery, interrogatories may only be used to find out:

  o the names of witnesses who may have information about the case

  o the value of damages alleged

  o the existence of documents relating to the case, or



o the existence of physical evidence.

## Do I need the judge's permission to serve interrogatories?

- Generally, no, but you would need to ask the judge's permission:
  - o to ask a party to answer more than 25 interrogatories, or
  - o to serve interrogatories at the beginning of discovery that are outside the scope of the four categories listed above.

## Do my interrogatories need to be in a particular format?

- Your interrogatories should be in a numbered list.

## How do I respond to interrogatories?

- You have 30 days to respond to interrogatories, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.

- You must answer each interrogatory separately and fully in writing and under oath.

- If you have an objection to an interrogatory, you must explain it in writing. If you object only to part of the interrogatory, you must respond to the other part.

- If you do not understand what is being asked, you should first try to discuss it with the other party, rather than objecting or writing to the judge.

- If the other party believes that your objection is incorrect or unreasonable, that party may ask the judge to order you to respond.

## What if I am not sure of the answer to an interrogatory?

- You must answer an interrogatory to the best of your ability with all the information available to you.

- You must look for the answer to an interrogatory if it can be found in your records or some other available place.

- It is inappropriate to answer "I don't know" to an interrogatory if the information needed to answer the question is available to you.

## What if I want to change my answer after I have responded to an interrogatory?

- If you learn something new that would change your response to an interrogatory, you must let the other party know.

- You should send a letter amending your answer to include the new information. Your amended answer, like your original response, must be under oath.



# Requests for Production of Documents (Rule 34)

### What is a Request for Production of Documents?

- Requests for production of documents allow you to obtain or inspect documents, electronically stored information, or tangible objects relevant to your case.

### On whom can I serve document requests?

- Document requests can be served on anyone, not just parties to the lawsuit.
- Federal Rule of Civil Procedure 34 explains the requirements for document requests to be served on parties to the lawsuit. Federal Rule of Civil Procedure 45 explains the requirements for service on nonparties.

### What types of information can I obtain or inspect through a document request?

- Designated documents or electronically stored information – including writings, drawings, charts, photographs, images, etc.
- Any designated tangible things (for you to inspect, copy, test, or sample), including physical objects that are not documents, or
- Property (for you to inspect, photograph, or measure).

### How much does it cost to serve a request for production of documents?

- To serve a party to the lawsuit, the only cost is that of drafting and serving the request.
- There will be costs to serve a nonparty. See Fed. R. Civ. P. 45.

### Do my requests for document production need to be in a particular format?

- Your requests should be in a numbered list.

### How long do I have to respond to document requests?

- You have 30 days to serve a written response to document requests, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.
- You must produce the requested documents either at the time stated in the request or at another reasonable time that you specify in your response.

### In what form do I produce the requested documents?

- You must produce the documents in the form in which they are ordinarily maintained, or in reasonable usable form, unless otherwise specified in the request.



- You should organize and label the documents to correspond with the categories in the request.

**Do I have to produce all of the requested documents?**

- You must respond in writing to every individual document request. You can either produce the document or object to the request.

- You can object to part of a request, or the full request, but you must state a specific reason for each objection.

**Do I have to turn over medical or arrest records?**

- If your physical or mental condition is at issue in the lawsuit, or if your criminal history is at issue, you may be required to produce, or authorize release of, your medical records or arrest records.

# Depositions (Rules 27-32)

**What is a deposition and how does it work?**

- A deposition is a procedure used to get the testimony of a party or nonparty witness before trial.

- Depositions are conducted in a question-and-answer format and are generally recorded by a stenographer or by electronic means.

- The deponent (the person who is being deposed) answers questions under oath, meaning that he swears or affirms that all of his answers are true.

**Do parties need the judge's permission to take a deposition?**

- Each party is allowed to take up to ten depositions without the judge's permission.

- A party generally does not need the judge's permission to take a deposition, except when:
  - o the deponent is in prison
  - o the party has already taken ten depositions
  - o the deponent has already been deposed in the same case, or
  - o the party wants to take the deposition before the pretrial discovery conference.

**How do I arrange for a deposition?**

- First, consult with the attorneys for the other parties to choose a convenient time and location for the deposition. Then, serve a notice of deposition on all the parties to the suit and the deponent within a reasonable time before the deposition is scheduled.



- You must arrange a location to take a deposition, hire a court reporter or someone authorized to administer oaths and take testimony, and arrange for an interpreter if one is necessary.

- You are responsible for making sure the deposition is recorded and determining the method for recording the deposition. The deposition can be recorded by any method as long as the deponent is sworn in, but it is usually recorded by means of stenograph, audiotape, videotape, or tape recorder. You are responsible for paying the cost of the recording.

- A deposition can be taken by telephone or other remote means if the parties agree or if the court orders it.

- You may take a deposition at the courthouse. You may also arrange for the court to provide recording equipment and a notary who can swear in the witness. To make the arrangements, contact the Pro Se Intake Unit.

### How much will it cost to depose someone?

- Depositions can be expensive because you need to pay the court reporter or person who will administer the oath as well as a translator if one is necessary.

- If you plan to use the deposition testimony as evidence, you will also need to pay for the recording of the deposition to be transcribed. The transcription could cost around $4 per page. The transcript for an hour-long deposition may consist of around 35-45 pages. If you took a deposition that lasted four hours with a court reporter, the cost could be approximately $1,000.

### What does a notice of deposition have to include?

- The notice of the deposition must state the time and place of the deposition, and if known, the deponent's name and address.

- If you do not know the deponent's name and address, you must provide a general description sufficient to identify the person.

- You must also state the method for recording the testimony.

### When do I need to get a subpoena for a deposition?

- If you want to depose a nonparty to the lawsuit, you must first request a subpoena from the Pro Se Intake Unit. You will be required to serve the subpoena and pay witness fees and reasonable travel expenses. See Fed. R. Civ. P. 45.

### How long can a deposition last?

- A deposition is limited to one day of seven hours. If a deposition will last more than seven hours, you must get permission from the judge.



**What can I ask at a deposition?**

- Generally, you may ask questions about matters that are relevant to any party's claims or defenses.

**Does the deponent have to answer all of the questions?**

- Generally, the deponent has to answer all of the questions.

- The deponent may make an objection during the deposition, but his testimony must still be taken and the objection will later be reviewed by the judge. A deponent may refuse to answer a question in only two situations:

  o to preserve a privilege such as the attorney-client privilege or doctor-patient privilege, or

  o when the judge has already ordered that the question does not need to be answered.

- If there is a dispute about what can be asked, it may be necessary to call the judge to ask for a ruling.

**Can the deponent change his or her testimony after the deposition?**

- The deponent has 30 days after being notified that the transcript or recording is available to review the transcript.

- If the deponent would like changes to be made, he can sign a statement listing those changes and the statement will be attached to the deposition transcript, but the original transcript will not be changed.

**What if I can't take a deposition because I am incarcerated or because it is too expensive?**

- If you cannot appear at a deposition or you cannot afford to take one, you may use interrogatories to get answers to questions from a party to the case or an employee of the party.

- You may also ask the judge about alternative procedures that may be available.

## Requests for Admission (Rule 36 and Rule 37)

**What is a request for admission?**

- In a request for admission, one party asks another party to agree to the truth of specified facts or to the genuineness of specified documents.



- If both parties admit to the truth of a fact or validity of a document, the court will treat that fact or document as true for the rest of the litigation process. An admission in a particular lawsuit cannot be used as an admission in a different lawsuit.

- Requests for admission are often most useful near the end of the discovery period, when they can help narrow the issues for trial.

**What can I request admission to?**

- Facts – for example, that Officers Brown and James were present at the incident

- The law that applies to a fact – for example, that Officers Brown and James are state actors

- The authenticity of documents – for example, that a document is the police report filed by Officers Brown and James relating to the incident

**Are there matters that are not appropriate for requests for admission?**

- Yes. You should not ask other parties to admit to matters that you know are disputed. For example, you should not ask the defendant to admit "that Officer Brown beat me up."

**How many requests for admission can I serve?**

- The rules do not limit the number of admissions you may request. Admissions from both parties can help speed up the litigation process and make it easier to submit documents into evidence. But requests for admission should be made in good faith and should not be so numerous as to be unduly burdensome to the opposing party.

**Do my requests for admission need to be in a particular format?**

- Your requests should be in a numbered list.

**How do I respond to a request for admission?**

- You have 30 days to serve a written response to a request for admission, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.

- You may admit the matter, specifically deny it, or state in detail why you cannot truthfully admit or deny it. You may also specify that you admit one part and deny or qualify the rest.

- You must state the grounds for objecting to a request.



**What happens if I do not respond to a request for admission?**

- If you do not respond to a request for admission within the time frame, the matter will be considered admitted.

**What happens if I deny a request for admission?**

- You may deny requests for admissions that you do not believe to be true.

- If the other party later proves that the fact is true or the document is authentic, that party may make a motion, seeking reasonable expenses, including attorney's fees, that resulted from proving the matter. The judge must grant the motion unless:

  o the request was objectionable

  o the admission sought was not important

  o the party who did not admit had reason to believe they might prevail on that matter; or

  o there was other good reason for the failure to admit.

## Physical and Mental Examinations (Rule 35)

**Can I be required to submit to a physical or mental examination?**

- If your physical or mental condition is at issue in the lawsuit, the court might order you to submit to a physical or mental examination. This might occur, for example, if you claim that the other party caused you physical injury or emotional harm.

**Who pays for the physical or mental examination?**

- The party that requests the examination must pay for it. You will not have to pay for the examination if the other party asks for it.

**Do I have to submit to an examination, if asked?**

- A court order is required for a mental or physical examination, unless the parties agree to the examination without an order. If you do not agree to an examination, the other party can make a motion, asking the judge to order you to submit to one.

- If you have been ordered to submit to an examination and you have questions about the procedure, you should write to the judge.