UNITED STATESS DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

PETER RODRIGUEZ,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK  et al.,

                      Defendants.

------------------------------------------------------- x

**ANSWER**

20-CV-9840 (GHW)

**Jury Trial Demanded**

Defendant Aleksandr Galuzevskiy[1] as and for his Answer to the Second Amended Complaint, filed February 9, 2021 ("Complaint"), respectfully:

       1.         Denies the allegations in paragraph "1" of the Complaint, except admits on information and belief that plaintiff was a pre-trial detainee, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's citizenship.

       2.         Denies the allegations in paragraph "2" of the Complaint, except admits that plaintiff started a fire in his cell.

       3.         Denies the allegations in paragraph "3" of the Complaint,  except admits that defendants Ferraro, Moise, Galuzevskiy and Williams responded to the fire in plaintiff's cell.

       4.         Denies the allegations in paragraph "4" of the Complaint.

       5.         Denies the allegations in paragraph "5" of the Complaint.

       6.         Denies the allegations in paragraph "6" of the Complaint.

---

[1] The remaining defendants filed their answer to the complaint on April 5, 2021. Officer Galuzevskiy has been on military leave since January 2021, and the case has been stayed as to him.

7.    Denies the allegations in paragraph "7" of the Complaint.

8.    Denies the allegations in paragraph "8" of the Complaint.

9.    Denies the allegations in paragraph "9" of the Complaint.

10.    Denies the allegations in paragraph "10" of the Complaint.

11.    Denies the allegations in paragraph "11" of the Complaint.

12.    Denies the allegations in paragraph "12" of the Complaint.

13.    Denies the allegations in paragraph "13" of the Complaint.

14.    Denies the allegations in paragraph "14" of the Complaint.

15.    Denies the allegations in paragraph "15" of the Complaint.

16.    Denies the allegations in paragraph "16" of the Complaint.

17.    Denies the allegations in paragraph "17" of the Complaint, except admits on information and belief that plaintiff was issued an infraction as a result of the incident which was subsequently dismissed due to a due process violation.

18.    Denies the allegations in paragraph "18" of the Complaint.

19.    Denies the allegations in paragraph "19" of the Complaint.

20.    Denies the allegations in paragraph "20" of the Complaint, except admits that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a corrections department, and respectfully refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the DOC.

21.    Denies the allegations in paragraph "21" of the Complaint.

22.    Denies the allegations in paragraph "22" of the Complaint, except admits that in August 2020 Moise was employed by the City as a correction captain, and state that

allegations regarding his supervision and official duties are legal conclusions to which no response is required.

23.    Denies the allegations in paragraph "23" of the Complaint, except admits that in August 2020 Williams and Galuzevskiy were employed by the City as correction officers and state that allegations regarding their official duties are legal conclusions to which no response is required.

24.    Denies the allegations in paragraph "24" of the Complaint, except admits that in August 2020 Ferraro was employed by the City as a correction officer, and states that allegations regarding his official duties are legal conclusions as to which no response is required.

25.    Denies the allegations in paragraph "25" of the Complaint, except admits that in August 2020 Gibson was employed by the City as a correction captain, and states that allegations regarding her supervision and official duties are legal conclusions as to which no response is required.

26.    Denies the allegations in paragraph "26" of the Complaint.

27.    Denies the allegations in paragraph "27" of the Complaint, except admits that plaintiff invokes the jurisdiction of this Court as stated therein.

**FIRST AFFIRMATIVE DEFENSE**

28.    The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

29.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

30.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of the defendant.

### FOURTH AFFIRMATIVE DEFENSE

31.     The individual defendants acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

32.     Plaintiff's claims may be barred, in whole or in part, under § 1997 e(e) of the Prison Litigation Reform Act.

### SIXTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims may be barred, in whole or in part, by his failure to properly exhaust his administrative remedies under the Prison Litigation Reform Act.

### SEVENTH AFFIRMATIVE DEFENSE

34.     Plaintiff failed to mitigate his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

35.     Plaintiff provoked, or was at fault for any alleged incident.

### NINTH AFFIRMATIVE DEFENSE

36.     Punitive damages cannot be assessed as against The City of New York and the individual defendants]in their official capacities.

### TENTH AFFIRMATIVE DEFENSE

37.     To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**WHEREFORE,** defendant Galuzevskiy requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
          April 26, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
*Attorney for Defendants the City of New York,*
*Moise, Williams, Ferraro, Gibson and Galuzevskiy*
100 Church Street
New York, New York 10007
(212) 356-5055

By:     /S/ *Katherine J. Weall*
          _____
          Katherine J. Weall
          Senior Counsel
          Special Federal Litigation Division

To:     Peter Rodriguez.   (By U.S. Mail)
          *Plaintiff Pro Se*
          DIN 349-16-03090
          North Infirmary Command
          15-00 Hazen Street
          East Elmhurst, NY 11370

- 5 -