UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PETER RODRIGUEZ,

                                          Plaintiff,

        -against-

THE CITY OF NEW YORK, E.S.U. CAPTAIN MOISE
#1451, E.S.U. OFFICER GALUZEVSKIY #8957, E.S.U.
OFFICER TEMIR WILLIAMS #11475, CORRECTION
OFFICER FERRARO #1805, CAPTAIN GIBSON,

                                          Defendants.

**DEFENDANT'S LOCAL CIVIL RULE 56.1 STATEMENT**

20-CV-9840 (GHW)

------------------------------------------------------------------------ x

        Defendants the City of New York, Captain Bonar Moise, Captain Shaday Gibson, Officer Aleksandr Galuzevskiy,[1] Officer Temir Williams, and Officer Peter Ferraro, for their statement pursuant to Local Civil Rule 56.1, set forth the material facts as to which they contend there are no genuine issues to be tried, for purposes of this summary judgment motion only and no other purpose, including trial of this matter:

**Procedural Background**

        1. On February 9, 2021, plaintiff filed a Second Amended Complaint ("SAC"), wherein he sued the City of New York, Captain Bonar Moise, Captain Shaday Gibson, Officer Aleksandr Galuzevskiy, Officer Temir Williams, and Officer Peter Ferraro. Affidavit of Katherine J. Weall dated December 30, 2022 ("Weall Aff."), Exh. A.

        2. The SAC alleges the following claims:

            a) deliberate indifference to medical needs against Captain Gibson pursuant to §1983, Weall Aff., Exh. A at ¶ 25;

---

[1] Sued herein as "Officer Galuezvskiy."

    b) deliberate indifference to conditions of confinement against Captain Gibson pursuant to §1983, Weall Aff., Exh. A at ¶

    c) excessive force against Officers Williams and Galuzevskiy pursuant to §1983, Weall Aff., Exh. A at ¶ 23;

    d) First Amendment retaliation against Officer Galuzevskiy, Weall Aff., Exh. A at ¶¶ 11-13;

    e) harassment pursuant to §1983 and New York State law against Officer Galuzevskiy, Weall Aff., Exh. A at ¶ 23;

    f) failure to intervene against Officer Ferraro pursuant to §1983, Weall Aff., Exh. A at ¶ 24;

    g) supervisory liability against Captain Moise pursuant to §1983, Weall Aff., Exh. A at ¶ 22;

    h) municipal liability against the City of New York pursuant to §1983, Weall Aff., Exh. A at ¶¶ 20-21;

    i) assault and battery against Officers Williams and Galuzevskiy, Weall Aff., Exh. A at ¶ 23; and

    j) *respondeat superior* against the City of New York, Weall Aff., Exh. A at ¶ 26.

3. Relevant to plaintiff's Monell claim, plaintiff claims only that the City failed to "train, supervise and alert its staff of the plaintiffs [sic] medical diagnoses and security considerations implemented by Correctional Health Services Doctors…." Weall Aff., Exh. A, ¶ 21.

4. As evidence of this allegedly unlawful policy of the City of New York, plaintiff points only to his own case. Weall Aff., Exh.A, ¶ 21.

5. The City, Department of Correction ("DOC") Captain Moise, Captain Gibson, Officer Ferraro, and Officer Williams answered the SAC on April 5, 2021, and on April 26, 2022, Officer Galuzevskiy timely answered the SAC. Weall Aff., Exh. B, Docket Sheet; see ECF No. 53; ECF No. 96.

**The August 31, 2020 Incident**

6. On August 31, 2020, plaintiff was housed in DOC custody in cell number 3 on floor 9 South at the Manhattan Detention Center ("MDC") in Manhattan. Weall Aff., Exh. A, SAC, ¶¶ 1-2.

7. Unit 9 South is Enhanced Security Housing. See Weall Aff., Exh C, Deposition Transcript of Peter Rodriguez dated September 14, 2022 ("Rodriguez Deposition") at 35:14-15.

8. On August 31, 2020, Captain Moise was the Emergency Services Unit ("ESU") captain for the MDC 9 South Security Detail. Weall Aff., Exh. D, Investigation Report dated September 3, 2020 ("Investigation Report").

9. On August 31, 2020, Officers Williams and Galuzevskiy were working as ESU officers on 9 South at MDC. Weall Aff., Exh. D, Investigation Report.

10. On August 31, 2020, plaintiff was locked in his cell. Weall Aff., Exh. C, Rodriguez Deposition at 65:9-12; Exh. A SAC, at ¶ 2.

11. Plaintiff was in his cell alone. Weall Aff., Exh. A SAC, at ¶ 2.

12. A fire started in plaintiff's cell. Weall Aff., Exh. A, SAC at ¶ 2; Weall Aff., Exh. E, Facility Referral: U4068/2020 at DEF 7748.

13. Officer Ferraro and ESU officers Galuzevskiy, Williams, and Lewis (the "ESU officers") responded to plaintiff's cell. Weall Aff., Exh. D Investigation Report, DEF 000425; Weall Aff., Exh. F, Closing Report for Use of Force Investigation U4068-20 ("Closing Report", DEF 000005 - 000007.

14. Officer Ferraro brought a fire extinguisher. Weall Aff., Exh. D Investigation Report, DEF 000425.

15. Thereafter, Captain Moise responded to plaintiff's cell and instructed Officer Ferraro to leave, which Officer Ferraro did. Weall Aff., Exh. A, SAC at ¶¶ 3-4; Exh. D, Investigation Report, DEF 000425.

16. Officer Ferraro was not personally involved in anything that happened thereafter. Weall Aff., Exh. A, SAC at ¶¶ 3, 4.

17. Officer Galuzevskiy then opened the door to plaintiff's cell and used a water-based fire extinguisher to extinguish the fire. Weall Aff., Exh. C, Rodriguez Deposition at 41:17-20; Weall Aff., Exh. D, Investigation Report, DEF 000425.

18. While Officer Galuzevskiy extinguished the fire, plaintiff was sprayed with the fire extinguisher. Weall Aff., Exh. C, Rodriguez Deposition at 39:3-11.

19. Officer Williams and Officer Lewis deployed OC spray on plaintiff. Weall Aff., Exh. E, Facility Referral, at DEF 7749; Weall Aff., Exh. C, Rodriguez Deposition at 41:5-6.

20. Plaintiff was promptly taken to Intake and the decontamination showers for decontamination. Weall Aff., Exh. F, Closing Report, at DEF 000017; Weall Aff., Exh. C, Rodriguez Deposition at 45:10-12, 22-23.

21. After plaintiff was decontaminated, Captain Gibson escorted him to the clinic for medical treatment. Weall Aff., Exh. C, Rodriguez Deposition at 47:19-20.

22. Plaintiff told medical personnel that he denied any injury or pain. Weall Aff., Exh. G, Injury to Inmate Report, at DEF 000428 (plaintiff "denies injury/pain"); Weall Aff., Exh. H, Medical Records, at DEF 3845, 3846; Weall Aff., Exh. C, Rodriguez Deposition at 47:10-16.

23. A doctor at the clinic observed that plaintiff had no visible injuries. Weall Aff., Exh. G, Injury to Inmate Report, DEF 000428, DEF 000428 (plaintiff had "no signs of gross injury"); Weall Aff., Exh. H, Medical Records, at DEF 3845, 3846.

24. Plaintiff complained only of mild shortness of breath ("SOB") but had "no respiratory distress." Weall Aff., Exh. H, Medical Records, at DEF 3847-3849.

25. Plaintiff now claims that he suffered from "agitation of my asthma condition, numbness, pain in the wrists, pain in the eyes, fuzzy vision, reduced vision, nightmares, anxiety, depression, insomnia, and Post Traumatic Stress." Weall Aff., Exh. C, Rodriguez Deposition at 74:5-9.

26. Plaintiff was then returned to his cell. Weall Aff. Exh. C, Rodriguez Deposition at 49:9-14

27. Plaintiff's cell had not been cleaned since the fire was extinguished, and was not for 12 hours. Weall Aff., Exh. A, SAC, ¶ 9, Exh. C, Rodriguez Deposition at 49:11-19.

28. Plaintiff does not claim that any defendant refused to clean his cell or refused to give him cleaning supplies to clean the cell. Weall Aff., Exh. A, SAC at ¶9; Weall Aff., Exh. C, Rodriguez Deposition at 49:11-19.

**The December 2020 Incidents**

29. On December 4, 2020, Officer Galuzevskiy approached plaintiff's cell and asked plaintiff if he was suing him. Weall Aff., Exh. C, Rodriguez Deposition at 56:3-8.

30. On December 4, 2020, plaintiff had not yet named Officer Galuzevskiy as a defendant in this action. See Weall Aff., Exh. I, Complaint, ECF No. 2, filed November 20, 2020; Exh. J, First Amended Complaint ("FAC"), ECF No. 14, Filed December 21, 2020.

31. There was no other exchange between himself and Officer Galuzevskiy on that date. Weall Aff., Exh. C, Rodriguez Deposition at 56:3-11.

32. On December 15, 2020, Officer Galuzevskiy approached plaintiff in the shower area on December 15, 2020, and threatened him, telling him that if he did not drop the lawsuit he would be deadlocked in his cell. Weall Aff., Exh. C, Rodriguez Deposition at 61:12-18; 65:6-8.

33. There was no other exchange between plaintiff and Officer Galuzevskiy on that date. Weall Aff., Exh. A, SAC generally.

34. As of December 15, 2020, no amended complaint had yet been filed naming Officer Galuzevskiy as a defendant in this action. Weall Aff., Exh. I, Complaint, ECF No. 2, filed November 20, 2020; Weall Aff., Exh. J, FAC, ECF No. 14, filed December 21, 2020.

35. On December 18, 2020, Officer Galuzevskiy approached plaintiff's cell, waived his fist aggressively, and stated "while I'm here, you stay in your cell." Weall Aff., Exh. C, Rodriguez Deposition at 68:17-25.

36. Officer Galuzevskiy did not say anything else to plaintiff on that date. Weall Aff., Exh. C, Rodriguez Deposition at 68:22-25.

37. As of December 18, 2020, no complaint had yet been filed naming Officer Galuzevskiy as a defendant in this lawsuit. See Weall Aff., Exh. I, Complaint, ECF No. 2, filed November 20, 2020; Weall Aff., Exh. J, FAC, ECF No. 14, filed December 21, 2020.

38. On neither his medical visit on December 17, 2020, nor on subsequent visits on December 18, 2020 through December 22, 2020 did plaintiff complain of being harassed and/or threatened by any correction officer. Weall Aff., Exh. H, Medical Records, at DEF 3436-3564; see in particular DEF 3562-3564; DEF 3505; DEF 3515.

**Grievances/Exhaustion of Administrative Remedies**

39. Plaintiff did not file any grievances with DOC related to any of the above incidents. Exh. A, SAC ¶¶ 18-19.

40. Directive 3376R-A was in effect on August 31, 2020, and is the governing grievance procedure in this action. https://www.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf (accessed December 6, 2022). Weall Aff., Exh. K, Directive 3376R-A.

41. Plaintiff has made multiple calls to 311 to complain about other prison conditions during his time in DOC custody unrelated to this lawsuit. Weall Aff., Exh. L, 311 Complaints of Peter Rodriguez.

42. Plaintiff never called 311 to complain about any of the incidents in the present SAC. Weall Aff., Exh. L, 311 Complaints of Peter Rodriguez.

Dated:    New York, New York
          December 29, 2022

>                          Hon. Sylvia O. Hinds-Radix
>                          Corporation Counsel
>                            of the City of New York
>                          *Attorney for Defendants the City of New York,*
>                          *Moise, Gibson, Galuzevskiy, Williams and Ferraro*
>                          100 Church Street, Room 3-166
>                          New York, New York 10007
>                          (212) 356-5055
>                          kweall@law.nyc.gov
>
>                    By:   /s/ *Katherine J. Weall*
>                          KATHERINE J. WEALL