# EXHIBIT J

RECEIVED
SDNY PRO SE OFFICE
2020 DEC 21 PM 2:43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Peter Rodriguez

Write the full name of each plaintiff.

20 CV 9840

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

city of New york, ESU CAPTAIN MOISE #1451
CAPTAIN GIBSON, ESU OFFICER williams #11475
ESU OFFICER GALUEZVSKIY #8957,
C.O. FERRARO #1805

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

Do you want a jury trial?
☑ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: ______

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Peter L RODRIGUEZ

First Name Middle Initial Last Name

______

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

349-16-03090

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

MANHAttAN Detention COMPLex

Current Place of Detention

125 white street

Institutional Address

NY NY 10013

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: City of New york

First Name | Last Name | Shield #

Government

Current Job Title (or other identifying information)

City HALL

Current Work Address

NY | NY | 10007

County, City | State | Zip Code

Defendant 2: GIBSON

First Name | Last Name | Shield #

CAPTAIN

Current Job Title (or other identifying information)

125 white street

Current Work Address

NY | NY | 10013

County, City | State | Zip Code

Defendant 3: MOISE 1451

First Name | Last Name | Shield #

ESU CAPTAIN

Current Job Title (or other identifying information)

75-20 ASTORIA BLVD

Current Work Address

E. ELMHURST | NY | 11370

County, City | State | Zip Code

Defendant 4: FERRARO 1805

First Name | Last Name | Shield #

CORRECTION OFFICER

Current Job Title (or other identifying information)

125 white street

Current Work Address

NY | NY | 10013

County, City | State | Zip Code

## IV. DEFENDANT INFORMATION continued...

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

**Defendant 5:**

GALVEZVSKIY 8957

First Name Last Name Shield #

ESU officer

Current Job Title (or other identifying information)

75-20 Astoria BLVD

Current Work Address

E. ELMHurst NY 11370

County, City State Zip Code

**Defendant 6:**

Williams 11475

First Name Last Name Shield #

ESU officer

Current Job Title (or other identifying information)

75-20 Astoria BLVD

Current Work Address

E. ELMHurst NY 11370

County, City State Zip Code

**Defendant 3:**

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

**Defendant 4:**

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

 1 of 2

## V. STATEMENT OF CLAIM

Place(s) of occurrence: MANHATTAN Detention Complex

Date(s) of occurrence: MONDAY August 31st, 2020

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

ON August 31, 2020 there WAS A Fire IN my cell, (3) CELL. C.O. ferraro CAME to put the fire OUT But ESU CAPTAIN MOISE tOLD C.O. ferraro to "GO AWAY, we got this" AND C.O. ferraro PASSED the fire Extinguisher to ESU officer GALUEZVSKiy AND Left the Housing UNit. then ESU OFFICER GALUEZVSKIY PASSED HIS CAN OF MACE to ESU OFFICER WILLIAMS AND then began to spray Me with the fire extinguisher while officer ESU WILLIAMS SPrAyED Me with Both his and ESU OFFICER GALUEZVSKiy's CAN OF MACE. After that they put Me in cuffs AND took over 15 minutes to get me to the Decontamination shower. ESU CAPTAN MOISE WAS In charge of the ESU officers AND CAPTAIN GIBSON WAS the Area Supervisor for my housing unit (9 south). After 3 or More hours in the DeconTAMINATION shower CAPtain GIBSON Bribing/coercing Me stating "IF you Refuse MeDICAL AttENtION I will give you your

property BACK, (PB) IF NOT you get nothing."
I told CAPTAIN GIBSON that I have asthma AND I take Steroid MEDICATION for it AND that not ONLY I WAS exposed to O.C. chemical Agents spray (MACE) but ALSO toxic fumes from smoke inhalation, she then stated "I HAVE to do paper work AND that cant Be done IF I AM in the clinic with you." SO I Refused Medical attention out of Fear of Retaliation AND WAS PLACED IN (SAME) cell which was still filled with SMOKE AND FIRE DEBRIS AND O.C. SPRAY (MACE). I WAS ISSUED AN (PB) INFRACTION which was LATER DISMISSED. ALL DEFENDANTS Are IN violation of My 8th AMENDMENT rights SUBjecting me to cruel and UNUSUAL PUNISHMENT. ESU officers Williams and GALUEZVSKIY USED EXCESSIVE AND UNNECESSARY force violating the Federal NUNEZ settlement AGREEMENT. CAPTAIN MOISE ESU FAILED to Adequately supervise ESU officers williams and GALUEZVSKIY. CAPTAIN GIBSON INterfered with my (PB) MEDICAL care. City of NY IS LIABLE for their failure to Adequately train, and supervise ALL Defendants mentioned above. NO grievance was filed because of my fear of retaliation and fear for my Life threatened by ABOVE Defendants I was intimidated.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Breathing Problems, chest pains, BLURRY VISION, SKIN/eye Burning irritation, ANXiety, post traumatic stress Disorder, sleep Problems, ASTHMA treatment, Medical CARE Needed, PAIN Medication, Visine for eyes.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

compensatory DAMAGES Relief – 1 Million
general DAmages Relief – 1 Million
Actual DAMAges Relief – 1 Million
future harm DAMAges Relief – 1 Million
PUNitive DAMAges Relief – 1 Million

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

12/10/20 — Dated

[signature] — Plaintiff's Signature

Peter — First Name

L — Middle Initial

Rodriguez — Last Name

125 white street — Prison Address

Ny — County, City

Ny — State

10013 — Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 12/10/20

pg 141

# CORRECTION DEPARTMENT CITY OF NEW YORK

ATTACHMENT A

## REPORT AND NOTICE OF INFRACTION

Form: 6500A
Rev.: 08/04/15
Ref.: Dir. #6500R-C

| | | | | |
|---|---|---|---|---|
| Infraction #: 1953-20 | Institution: MDC | Date of Incident: 08/31/20 | Time Infraction Written: 1845 | Date of Report: 08/31/20 |
| Inmate Name (Last, First): RODRIGUEZ, PETER | | B&C/ Sentence #: 3491603090 | | NYSID #: 09839298P |
| Location of Incident (Be Specific): cell #3 | | Housing Area Location: 9 South | | Approximate Time of Incident: 1800 Hrs. |

| Charge # | Offense | Charge # | Offense |
|---|---|---|---|
| 105.10 | Creating a Fire, Health or Safety Hazard | | |
| 100.10: | Arson (setting fires) | | |

Reporting Official (Print Name, Rank and Shield #): CO Ferraro #1805

Reporting Official (Signature): [signature] 1805

Details of Incident (Include details as to How, When and Where Infraction was Committed):

On Monday August 31, 2020 I CO Ferraro #1805 was assigned to 9 South on the 1500x2331 tour. At approximately 1800 hrs, this writer observed a flickering light coming from cell #3 which is occupied by inmate RODRIGUEZ, PETER B/C 3491603090 NYSID 09839298P. It appeared to have been flames, so This writer went to retrieve a fire extinguisher and begun putting out the fire from the food slot. At this time Capt Moise #1451 instructed this writer to relinquish the fire extinguisher to ESU officer Galuezvskiy #8957, whom continued to put the fire out once inmate Rodriquez's cell was opened. While said Officer continued to extinguish the fire, Inmate Rodriguez advanced toward ESU staff which in return caused Officer Williams #11475 to utilized a (1)/2 second burst of chemical agents to said inmates facial area. The chemical agents took its desired effect, Inmate Rodriquez placed his hands behind his back and complied with ESU staff order to exit the housing area. Inmate Rodriguez was later escorted to the intake for the decontamination process without further incident.

FINE DKUOF Awaiting Story

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention Inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to thirty (30) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A twenty five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense. You have the right to appeal an adverse decision rendered by the Adjudication Captain.

Interpreter Requested: ☐ Yes (If yes, include what language) ☒ No

Hearing Facilitator Requested: ☐ Yes ☒ No

Witness(es) Requested: ☐ Yes (If yes, include witness(es) Name, Book and Case Number (if Inmate) or Shield/ID (if staff) and Location (if inmate) or Post (if staff). ☒ No

Witness (Print Name):_____ B&C Number:_____ Location:_____

Witness (Print Name):_____ B&C Number:_____ Location:_____

Witness (Print Name):_____ B&C Number:_____ Location:_____

Witness (Print Name):_____ Shield/ID Number:_____ Post:_____

| | | | |
|---|---|---|---|
| I certify that I received a copy of this notice: | Signature of Inmate: Refused to sign | Date: 9/3/2020 | Time: 1630 hrs. |
| Served by (Print Name, Rank and Shield #): [illegible], Capt 1844 | | Signature of Server: [signature] | |
| Refused to Sign for Notice: ☒ Yes ☐ No | | Witnessed By: [signature] | |

DISTRIBUTION: (SINGLE SIDED) COPY - NOTICE TO INMATE (DOUBLE SIDED WITH FORM 6500B) COPY TO FACILITY

**CORRECTION DEPARTMENT**
**CITY OF NEW YORK**

**ATTACHMENT B**

**INVESTIGATION REPORT**

Form: #6500R
Rev. :08/04/15
Ref. : Dir. #6500R-C

Please indicate which of the following items are part of the investigation:

- [ ] Injury to Inmate
- [ ] UOF Reports
- [ ] Red ID/Enhanced Restraint Placement
- [ ] PHD (Specify where below)
- [ ] Property Damage Report
- [ ] Photos
- [ ] Drug Test Results
- [ ] NIK Reports (IU)
- [ ] Witness Statements
- [ ] Confidential Informant
- [ ] Mental Health Clearances
- [ ] Other ______

| Date Investigation Started: | Date Investigation Concluded: | Infraction #: |
|---|---|---|
| 08/31/20 | 9/3/20 | |

**INVESTIGATING OFFICIAL'S REPORT**

Investigating official's report shall include observations and conclusions of the physical and documentary evidence. Identify each item and/or document evaluated. If inmate was served more than three (3) business days after incident, state why. Attach 600AR if necessary. If results of investigation indicate that no disciplinary action is warranted, specify the reason(s) for not pursuing disciplinary action.

On Monday August 31, 2020 Officer Ferraro #1805 was assigned to 9 South on the 1500x2331 tour. At approximately 1800 hrs, Officer Ferraro observed a flickering light coming from cell #3 which is occupied by inmate RODRIGUEZ, PETER B/C 3491603090 NYSID 09839298P which appeared to have been flames, so Officer Ferraro retrieve a fire extinguisher and begun putting out the fire from the food slot. At this time ESU Capt Moise #1451 instructed Officer Ferraro to depart the area as ESU staff took over ESU officer Galuezvskiy #8957continued to put the fire out once inmate Rodriquez's cell door was opened. While said Officer extinguished the fire, inmate Rodriguez advanced toward ESU staff which in return caused Officer Williams #11475 to utilized a (1) 2 second burst of chemical agents to said inmates facial area. Inmate Rodriquez was then placed in mechanical restraints. Inmate Rodriguez was later escorted to the intake for the decontamination process without further incident.

Based on staff report and gentec angle 191.36 flames and smoke could be seen coming from inmate Rodriguez's cell (3). ESU staff was observed extinguishing the fire as they gave said inmate several verbal commands to step back and place his hands behind him. Inmate RODRIGUEZ refused those command as he is observed extending his hand as he attempted to advance toward staff. At which time Chemical agents was deployed. Therefore I find the following charges 105.10 and 100.10 warranted and should be referred to adjudication for disposition.

Statement of Inmate Charged:
refused

Statement of Witness(es) - (If more witnesses, attach additional sheets)

| Witness Name (Last, First): | Rank/Title, Shield/ID (If staff) B&C#/Sentence# (If inmate): |
|---|---|
| | |

Statement (If none, state such):

| Witness Name (Last, First): | Rank/Title, Shield/ID (If staff) B&C#/Sentence# (If inmate): |
|---|---|
| | |

Statement (If none, state such):

Was inmate Mirandized in connection with this infraction? [ ] Yes [x] No    Hearing Recommended? [x] Yes [ ] No

Inmate transferred pending hearing? [ ] Yes [ ] No    If Yes, Where?    If PHD, check [ ]    Date:    Time:

| Investigating Official's Signature: | Investigating Official (Print Name, Rank and Shield #): |
|---|---|
| [signature] | Capt Jones #1341 |

**CORRECTION DEPARTMENT**
**CITY OF NEW YORK**

**ATTACHMENT D**

**HEARING REPORT AND NOTICE OF DISCIPLINARY DISPOSITION**

Page 1 of 2 Pages

Form: 6500D
Eff.: 4/10/19
Ref.: Dir. 6500R-E

Infraction #: 1953-20
Institution: MDC

Inmate Name (Last, First): RODRIGUEZ, PETER
B&C/ Sentence #: 349-16-03090
NYSID #: 09839298P

Location: 9 SOUTH
Disposition Date: 9.15.20
Disposition Time: 19 00 Hrs.

Adjudication Captain (Print Name, Rank & Shield #): PHILLIPS CAPT 449

Folder #:
Hearing Start Date: 9.8.2
Hearing End Date: 9.8.20

Inmate's Accompanying card Indicates Inmate Received Rule Book: ☐ Yes ☐ No

Inmate requested Witness(es): ☐ Yes ☐ No ☐ Waived ☐ Request Granted ☐ Denied (If waived, inmate must sign. If denied, state reason.)

Reason:

Inmate requested Hearing Facilitator: ☐ Yes ☐ No ☐ Waived ☐ Request Granted (If yes, Hearing Facilitator must sign. If waived, inmate must sign.)

Reason:

Inmate Requested Interpreter: ☐ Yes ☐ No ☐ Waived ☐ Request Granted ☐ Denied (If yes, interpreter must sign. If waived, inmate must sign. If denied, state reason.)

Reason:

If inmate advised of right to remain silent was inmate advised that statements could be used against him/her. ☐ Yes ☐ No ☐ Not Applicable

**Special Situations**

Hearing in Absentia: ☐ Inmate Refused to Appear ☐ Removed from Hearing Due to ____________ Specify Reason

Adjournment. ☐ By Adjudication Captain Date Reconvened ______ ADW authorization beyond (5) business days ______

☐ By Inmate Waived Time Limits to Facilitate Adjournment (Inmate Signature) ______

Referral: ☐ Security ☐ Mental Health ☐ Inspector General

Inmate Pled: ☐ Guilty ☐ Not Guilty ☐ Guilty with an Explanation

Summary of inmate's Testimony:

The following witness(es) testified at your hearing. (If additional witnesses testified, attach additional sheets.)

Witness Name (Last Name, First Name):
Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if inmate):

Witness Signature (Present at Hearing):

Witness testified in the presence of the charged inmate: ☐ Yes ☐ No If no, state reason:

Summary of Testimony:

Testimony was: ☐ Credited ☐ Rejected Reason:

Witness Name (Last Name, First Name):
Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if inmate):

Witness Signature (Present at Hearing):

Witness testified in the presence of the charged inmate: ☐ Yes ☐ No If no, state reason:

Summary of Testimony:

Testimony was: ☐ Credited ☐ Rejected Reason:

**CORRECTION DEPARTMENT CITY OF NEW YORK** ATTACHMENT C

**HEARING REPORT AND NOTICE OF DISCIPLINARY DISPOSITION**

Page 2 of 2 Pages | Form: 6500D Eff.: 4/10/18 Ref.: Dir. 6500R-E

**DOCUMENTARY EVIDENCE** (Where applicable)

| | | |
|---|---|---|
| Photograph of Injury: | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |
| Photocopy of Weapon: | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |
| Reports - Specify Types: | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |
| Logbooks - Specify Types: | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |
| Infraction Investigation: | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |
| Physical Evidence (List): | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |
| Witness Statements (List Witnesses): | ☐ Yes ☐ No | Shown to Inmate: ☐ Yes ☐ No |

On this date and time following disposition was reached after a hearing on the charges listed below: 9.15.20 [illegible]

| Charge # | Dismissed | Penalty | Guilty | Not Guilty | Basis for Findings & Evidence Relied On |
|---|---|---|---|---|---|
| | | | | | DP Vague |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Twenty Five Dollar ($25) Disciplinary Surcharge Grade I or Grade II offenses only: ☐ Yes ☐ No

If you have been found guilty of multiple rule violations, these penalties will be served: ☐ Consecutively ☐ Concurrently

Infraction Dismissed: ☐ Yes ☐ No

Reason: DPV

Pre-Hearing Detention Time Credit: ______ Days.

Adjudication Captain (Print Name, Rank, Shield #): [illegible] Capt 1448 | Signature of Adjudication Captain: [signature]

You have the right to appeal an adverse decision rendered by the Adjudication Captain within two (2) days of service of this decision. If you have been sentenced to a total of thirty (30) days of punitive segregation or loss of all your good time on any one (1) Notice of Disciplinary Disposition (6500D), you may file a petition for a writ under Article 78 of the CPLR. If you are sentenced to less that thirty (30) days punitive segregation or loss of less than all your good time, you may appeal that decision to the Warden of the facility where the infraction occurred.

| | | | | |
|---|---|---|---|---|
| I certify that I received a copy of this notice: | Signature of Inmate: | B&C/Sentence #: | Date: 9/16 | Time: 1556 |
| Served by (Print Name, Rank and Shield #): C.O. [illegible] 6088 | | Signature of Server: [signature] | | |
| Refused to Sign for Notice: ☐ Yes ☐ No | | Witnessed By: | | |

Dec 10th, 2020

Attn: PRO SE INTAKE UNIT
CLERK of COURT

I AM PETER RODRIGUEZ, PLANTIFF of Docket # 20 cv 9840.
I AM writing this to inform the clerk that enclose are the AMENDED COMPLAINT for Docket# 20 cv 9840 AND ALSO sending the infraction and DISPOSITION from the complaint and I WOULD Like for it to be Documented on file.

Respectfully SubMitted,

Peter Rodriguez

[signature]

Peter Rodriguez 3491603090
125 White st MDC
NY, NY 10013




Southern District of NY
PRO se intake unit
500 Pearl st. RM 200
NY, NY 10007

USM SDNY

[illegible]ECEIVED
SDNY PRO SE OFFICE
[illegible] DEC 21 PM 2:05