UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/25
```

PETER RODRIGUEZ,

        Plaintiff,

    -against-

CITY OF NEW YORK et al.,

        Defendants.

20-CV-09840 (JHR) (BCM)

**ORDER REGARDING GENERAL
PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

      The above-referenced action has been referred to Magistrate Judge Barbara Moses for

general pretrial management, including scheduling, discovery, non-dispositive pretrial motions,

and settlement, and for report and recommendation on dispositive motions, if any, pursuant to 28

U.S.C. § 636(b)(1)(A) and (B). All pretrial motions and applications must be made to Judge Moses

and in compliance with this Court's Individual Practices in Civil Cases, attached hereto and

available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

## Background

      Plaintiff Rodriguez, proceeding pro se, filed this action on November 20, 2020, against the

City of New York (City) and various correctional officers at the Manhattan Detention Complex.

(Dkt. 1.) Plaintiff alleges that on August 31, 2020, after a fire broke out in his cell, he was sprayed

with a fire extinguisher and pepper spray, after which he was left in an elevator for fifteen minutes

before receiving a decontamination shower. Second Amended Complaint (SAC) (Dkt. 30) ¶¶ 1-6.

Plaintiff further alleges that when he was taken to the medical clinic after his decontamination

shower, he was not permitted to request medical treatment. *Id*. ¶¶ 7-8. When he was returned to

his cell, it was still filled with smoke, fire debris, and pepper spray. *Id* ¶ 9. Additionally, plaintiff

alleges that in December 2020 – after this action was filed – a correctional officer made threats

against him in order to induce him to drop the lawsuit. *Id*. ¶¶ 11-13. Plaintiff seeks damages, pursuant to 42 U.S.C. § 1983, for personal injuries and emotional distress. *Id*. ¶¶ 10, 14-15, 27.

On June 23, 2021, the Honorable Gregory H. Woods, United States District Judge, denied without prejudice plaintiff's first motion for the appointment of pro bono counsel. (Dkt. 67.) Fact discovery closed on October 28, 2022 (*see* Dkt. 128 at 2), after which defendants filed a motion for summary judgment on December 29, 2022. (Dkt. 143.) Plaintiff, who was (and remains) incarcerated, notified the Court by letter dated January 11, 2023, that he was unable to properly oppose the motion due to difficulties accessing certain surveillance video footage produced in discovery. (Dkt. 148.) On January 18, 2023, defendants responded that they had previously sent a letter to the correctional facility where plaintiff was held, requesting that he be permitted to view the video. (Dkt. 149.)

On January 24, 2023, Judge Woods ordered: "If Plaintiff disagrees that the video is available at the facility, or if he cannot access the video, Plaintiff may submit a letter to the Court. Plaintiff's letter should detail any and all steps taken to access the video at the facility." (Dkt. 150 at 2.) By letter dated January 30 and filed February 24, 2023, plaintiff explained that "it would be impossible for [him] to be able to continue litigating" the case due to his custody status, lack of access to a law library, and his lack of legal knowledge, and requested that the Court dismiss the case without prejudice. (Dkt. 151 at 1.) Plaintiff did not address whether he had been able to access the surveillance footage.

On February 28, 2023, the case was reassigned to the Hon. Jennifer H. Rearden, United States District Judge. By Order dated March 3, 2023, Judge Rearden suggested that, prior to dismissing the case, plaintiff consult with a legal clinic (then called the New York Legal Assistance Group (NYLAG) Clinic, but since renamed the City Bar Justice Center) that provides assistance

to pro se litigants in this district. (Dkt. 152 at 1.) By letter dated March 7 and filed May 1, 2023, plaintiff advised that he had consulted with the NYLAG Clinic, which offered him limited-scope assistance to help him oppose the summary judgment motion, and had "mailed a signed retainer and intake papers" to the clinic. (Dkt. 154.) However, in a letter dated July 28 and filed on August 7, 2023, plaintiff notified the Court that "current prison conditions [were] making it almost impossible for the plaintiff to properly communicate with the Court's assigned legal assistant," and requested – again – that the Court appoint pro bono counsel for him. (Dkt. 155 at 3-4.) Plaintiff added that he was still unable to view the video. (*Id.* at 4.)

Most recently, by letter dated November 10, 2024 – but postmarked January 30, 2025, and received on February 3, 2025 – plaintiff requests a teleconference with the Court in order to set a schedule for him to respond to the summary judgment motion. (Dkt. 160 at ECF p. 1.) Plaintiff explains that he "abided" by the Court's prior order and was in contact with NYLAG attorney James D. Taylor. *Id.* at ECF p. 2. However, "[d]espite multiple attempts from NYLAG to contact and assist plaintiff," Mr. Taylor was "hindered" from assisting him due to "unconstitutional prison conditions." *Id.*[1] On that basis, plaintiff renews his request for appointment of pro bono counsel. *Id.* at ECF pp. 2-3. In the same letter, plaintiff includes a screenshot from a surveillance video, date-stamped August 31, 2020, noting, in his view, that it supports his case. *Id.* at ECF p. 6.

### Pro Bono Counsel

In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a

---

[1] On May 30, 2024, plaintiff advised the Court that he had been moved from the Five Points Correctional Facility to the Wende Correctional Facility. (Dkt. 156.). It is not clear from plaintiff's letters whether he encountered the allegedly unconstitutional prison conditions at Five Points or at Wende.

civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer represent that litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989) (per curiam).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61.

Applying these factors, the Court DENIES plaintiff's application for the appointment of counsel. Although the party opposing summary judgment is required to present evidence demonstrating that there are disputes of material fact requiring a trial,[2] such evidence can (and often does) include the plaintiff's own declaration, attested to under penalty of perjury, the deposition testimony of the plaintiff and/or other witnesses, and/or the documents (including video evidence) produced in discovery. All of these materials are, or should be, available to plaintiff. In addition, the Court has been informed that attorney James D. Taylor, of what is now called the City Bar Justice Center, remains willing to assist plaintiff in responding to the summary judgment motion.

---

[2] A copy of the Court's motions guide for pro se litigants, which provides more detailed information regarding summary judgment motions, is attached to this Order.

4

**Defendants' Summary Judgment Motion**

The Court notes that defendants' summary judgment motion relies, in part, on excerpts from plaintiff's September 13, 2022 deposition testimony. (Dkt. 145-3.) In accordance with § 2(c)(i) of Judge Moses's Individual Practices, defendants must promptly file the complete transcript of that deposition on ECF. Additionally, the Court requests copies of all written interrogatory answers or RFA responses served on plaintiff by defendants, which may be uploaded to ECF, and electronic copies of all videos produced in discovery, which may be sent by email to Moses_NYSDChambers@nysd.uscourts.gov.

**Telephonic Conference**

Given the amount of time that has passed since defendants filed their summary judgment motion, and the fact that plaintiff has been moved at least once since then, which may have made it difficult for him to retain his case-related documents, the Court GRANTS plaintiff's request for a telephonic conference. The conference will take place on **April 8, 2025 at 11:00 a.m.** The parties must call **(855) 244-8681** at few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance.

Dated: New York, New York
      March 3, 2025

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

January 3, 2024

**INDIVIDUAL PRACTICES OF**
**MAGISTRATE JUDGE BARBARA MOSES**

<u>**Chambers**</u>
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007
Telephone: (212) 805-0228

<u>**Courtroom**</u>
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
Courtroom Deputy: Tamika Kay

<u>**Dedicated WEBEX Teleconference Line**</u>
855-244-8681
Access Code: 23141814376#

Civil cases come before magistrate judges in two ways: (i) for one or more specific purposes, pursuant to an order of reference by the assigned district judge, or (ii) for all purposes, on consent of the parties, pursuant to 28 U.S.C. § 636(c). When a district judge approves an all-purposes consent form signed by counsel, the magistrate judge assumes the role of the district judge. The right to a jury trial is preserved and any appeal is directly to the Court of Appeals.

It is the uniform practice of the magistrate judges in the Southern District of New York to schedule civil trials for firm dates, rather than using a trailing trial calendar or requiring counsel to be available for trial on short notice. Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials. Should the parties wish to have Judge Moses preside over their case for all purposes, including trial, the necessary form is available at:

http://nysd.uscourts.gov/judge/Moses.

Unless otherwise ordered by Judge Moses, the following practices are applicable to all civil matters conducted before her, whether by reference or on consent:

1.    **Communications with Chambers**

       a.    **Motions and Letters.** Except as otherwise provided below, communications with the Court (other than during conferences, hearings, or trials) should be by motion or letter, filed on ECF. Except for confidential settlement letters, discussed in § 1(e) below, or as specifically directed by chambers in advance, the Court will not accept letters or motions from counseled parties by email, fax, telephone, or hard copy mailed or delivered directly to chambers.

       b.    **Letter-Motions.** Letter-motions, as permitted by Local Civ. R. 7.1(d) and § 13.1 of the SDNY ECF Rules & Instructions, should be filed using the "letter-motion" option, listed under "motion." In particular, parties should file as letter-motions all requests for pre-motion conferences, adjournments, extensions, increased

1

word limits, oral argument, and settlement conferences. Requests for other types of non-dispositive relief listed in § 13.1 may also be made by letter-motion.

c. **Informational Letters.** Letters that are informational in nature and do not request relief (for example, status updates requested by the Court) should be filed using the "letter" option, listed under "other documents."

d. **Word Limits; Courtesy Copies; Service.** Absent advance permission from the Court, letters and letter-motions may not exceed 2000 words (approximately four pages) in length, exclusive of attachments, which should be kept to a minimum. Please do not try to cheat the word limit by splitting a request into two separate 2000-word letters. If a letter or letter-motion includes more than one attachment or exhibit, a paper courtesy copy of the entire submission, marked as such, must be promptly delivered to chambers by mail, overnight courier, or hand delivery. The courtesy copy should bear the ECF header generated at the time of electronic filing and include tabs for the attachments. In pro se cases, letters and letter-motions filed via ECF by represented parties must also be served on the pro se parties (unless they have consented to electronic service via ECF). Counsel must indicate the mode of service in the letter to the Court and must also file a proof of service.

e. **Ex Parte Settlement Letters.** Ex parte letters required by the Court in advance of a settlement conference should be emailed to the chambers email address, which will be provided in the settlement conference scheduling order.

f. **Notification of Settlement.** If the parties have settled while a motion is pending, or shortly before a scheduled conference or hearing, they must promptly so advise the Court, by letter, in order to avoid unnecessary expenditure of judicial resources.

g. **Hand Delivery.** Permitted hand deliveries may be left with a Court Security Officer at the Worth Street entrance of the Daniel Patrick Moynihan Courthouse. If the matter requires the Court's immediate attention, ask the Court Security Officer to notify chambers that an urgent delivery has arrived.

h. **Letters or Emails between Parties.** Copies of correspondence between the parties or their counsel should not be copied to chambers, or filed on ECF, except as exhibits to otherwise properly-filed documents.

i. **Telephone Calls.** For scheduling and calendar matters, counsel may call chambers at 212-805-0228. Otherwise, telephone calls are permitted only for urgent matters requiring immediate attention or to obtain permission to submit a document other than via ECF.

2. **Motions**

a. **Requests for Adjournments or Extensions.** Requests to adjourn a court conference or other court proceeding or to extend a deadline must be made by

2

letter-motion, after consultation with all affected parties, and must state: (1) the original date of the conference or proceeding; (2) the number of previous requests for adjournment or extension; (3) whether those requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent; and (6) if not, the reasons given for refusing. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

Requests for extension of a deadline must be made in advance of the deadline to be extended. Absent unforeseeable emergencies, requests for adjournment of a court conference or other proceeding must be made at least four days in advance of the proceeding to be adjourned, and must include at least two proposed dates, on which all counsel are available, for the adjourned proceeding.

**b.    Discovery Motions.** No discovery dispute will be heard unless the moving party (including a non-party seeking relief from a subpoena) has first conferred in good faith and in "real time" (*e.g.*, in person or by telephone) with the adverse party or parties, in an attempt to resolve the dispute. An exchange of letters or email alone does not satisfy this requirement. Counsel must respond promptly and in good faith to a request from another party to meet and confer in accordance with this paragraph.

If the parties have met and conferred but cannot resolve their dispute, the moving party must request a discovery conference with the Court, by letter-motion, as required by Local Civ. R. 37.2. The letter-motion must succinctly set forth the basis of the dispute and the relief sought, certify that the required good faith conference took place, and state: (1) the date, time, and duration of the parties' conference; (2) the names of the counsel who participated; and (3) the position of any relevant adverse party as to each contested issue. None of these requirements may be satisfied by attaching copies of correspondence between counsel. In addition, the letter-motion must set forth verbatim each discovery request and response in contention in accordance with Local Civ. R. 37.1 and 5.1. This requirement may be satisfied by attaching the relevant request(s) and response(s) to the letter-motion. Please do not submit an entire set of discovery requests and responses if only a few are in dispute.

**c.    Summary Judgment Motions.** Strict compliance with Fed. R. Civ. P. 56(c) and Local Rule 56.1 is required. The moving party must provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts pursuant to Local Civ. R. 56.1. The opposing party must reproduce each paragraph of the moving party's Statement of Material Facts, with the opposing party's response directly beneath. As required by Local Civ. R. 56.1(d), each statement of undisputed material fact and response thereto shall be followed by a citation to the specific evidentiary material that supports the statement or response, *e.g.*, "Bennett Deposition Tr. 3:15-4:20," or "Salim Interrog. Resp. No. 18." General references to a "transcript," "interrogatory responses," or the like are inadequate. Similarly, the parties must append to their

3

motion papers the specific evidentiary material upon which they rely and no more. If a party wishes to submit a complete deposition transcript, that party must (i) highlight the portions cited in their Statement of Material Facts or response, and (ii) tab the relevant pages in the courtesy copies submitted pursuant to § 2(g) below.

    i.      **Exception**: A counseled party moving for summary judgment against a pro se party must attach the pro se party's complete deposition transcript.

**d.**    **Pre-Motion Conferences.** For motions other than discovery motions, pre-motion conferences are not required, but may be requested by letter-motion where counsel believe that an informal conference with the Court may obviate the need for the motion or narrow the issues in dispute.

**e.**    **Briefing Schedule on Letter-Motions.** Unless the Court has ordered otherwise or the parties have agreed to a different briefing schedule, any opposition to a letter-motion shall be filed within three court days of the moving letter, and any reply shall be filed within two court days of the opposition. If the parties have agreed to a different briefing schedule, they must so inform the Court, either in the moving letter or as soon as agreement is reached. If the letter-motion requests expedited relief, opposing counsel are advised to file any opposition as promptly as possible.

**f.**    **Briefing Schedule on Formal Motions.** Unless the Court has ordered otherwise or the parties have agreed to a different briefing schedule, opposition and reply papers with respect to formal motions will be due in accordance with Local Civ. R. 6.1. The parties are encouraged to agree on a reasonable briefing schedule before or promptly after the moving papers are filed. If the parties have agreed to such a schedule, they must so inform the Court, either in the moving party's notice of motion or by letter as soon as agreement is reached. Should the parties thereafter agree to modify their briefing schedule, they must promptly inform the Court of the new schedule by letter.

**g.**    **Courtesy Copies.** Paper courtesy copies of all formal motion papers, marked as such, must be delivered by hand, mail, or courier promptly after filing. Courtesy copies should bear the ECF header generated at the time of electronic filing and include protruding tabs for any exhibits. Bulky materials should be neatly bound or placed in 3-ring binders with appropriate dividers.

**h.**    **Memoranda of Law.** Unless advance permission has been granted, briefs in support of and in response to a motion (except for motions for reconsideration) must comply with the word limits prescribed by Local Civ. R. 7.1(c). Motions for reconsideration must comply with the requirements of Local Civ. R. 6.3. The Court expects parties to adhere strictly to the typeface, margin and spacing requirements of Local Civ. R. 7.1(b).

     **i.**     **Oral Argument on Motions.** Parties may request oral argument at the time their motion papers are filed. The Court will determine whether to hear argument and will advise the parties of the argument date and time.

**3.**     **Sealing Motions**

     **a.**     **File the Letter-Motion Electronically**. Filing under seal requires permission of the Court, which may be sought via letter-motion. The letter-motion requesting approval of sealed or redacted filings *and* the document(s) as to which sealing is requested must be filed electronically on ECF in compliance with standing order No. 19-mc-00583 and § 6 of the SDNY ECF Rules & Instructions.

     **b.**     **File the Letter-Motion in Public View**. The letter-motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal, and should *not* include any of the confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

     **c.**     **File the Document as to which Sealing is Required under Seal**. The document(s) as to which sealing is requested must be contemporaneously filed under seal on ECF and electronically related to the letter-motion. The summary docket text, but not the sealed document, will be open to public inspection and therefore should not include confidential information sought to be filed under seal.

     **d.**     **Redacted Documents**. If the letter-motion seeks approval to redact information from a document that is otherwise to be publicly filed, the filing party shall: (a) publicly file the document in the proposed redacted form, and (b) electronically file under seal a copy of the unredacted document, with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

     **e.**     **Lugosch Standard**. To be approved, any sealing or redaction of a court filing must be narrowly tailored to serve the purpose that requires the sealing or redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The parties are cautioned that the designation of documents as "confidential" for discovery purposes does not, without more, justify a sealing or redaction order. If a sealing or redaction request is based on another party's designation of documents or information as "confidential," or if any party opposes the sealing or redaction request, that other party shall respond to the requesting party's letter-motion via ECF on the schedule set forth above in § 2(e).

     **f.**     **Meet and Confer**. The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking

confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three court days, a letter explaining the need to seal or redact the materials.

g.   **No Leave Required to Comply with Fed. R. Civ. P. 5.2**. Notwithstanding the foregoing, no leave is required to redact all but the last four digits of an individual's social-security number or taxpayer-identification number, the day and month of an individual's birth, the name of an individual known to be a minor, or all but the last four digits of a financial-account number, consistent with Fed. R. Civ. P. 5.2.

4.   **Settlement Conferences**

a.   **Scheduling.** Parties may request a settlement conference before Judge Moses. Settlement conferences are normally held Monday through Thursday, beginning at 2:15 p.m.

b.   **Attendance.** Settlement conferences are normally held in Courtroom 20A. Unless excused in advance, each party must attend the conference in person, accompanied by that party's lead trial attorney. If a party is a corporation, union, government entity, or other non-natural person, it must send a decision-maker with knowledge of the case, responsibility for determining the amount of any ultimate settlement, and authority to enter into such a settlement.

c.   **Pre-Conference Responsibilities.** If and when a settlement conference is scheduled, a separate order will issue concerning the conduct of the conference and the parties' pre-conference responsibilities.

5.   **Pretrial Procedures**

a.   **Applicability.** The procedures set out below apply only to cases in which the parties have consented pursuant to 28 U.S.C. § 636(c) to have all proceedings before Judge Moses, including trial.

b.   **Joint Pretrial Order.** Unless the Court has ordered otherwise, the parties shall submit to the Court for its approval a proposed Joint Pretrial Order within 30 days after the date for the completion of discovery, or, if a summary judgment motion has been filed, within 30 days after the decision on the motion. The proposed Joint Pretrial Order shall be signed by all parties and include the following:

i.   The full caption of the action.

ii.   The names and addresses of trial counsel, together with their office and cellular telephone numbers, fax numbers, and email addresses.

iii.      A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction, including citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv.      A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, including citations to all statutes relied on but without recital of evidentiary matter.

v.      With respect to each claim remaining to be tried, a brief statement listing each element or category of damages sought with respect to that claim and a calculation of the amount of damages sought with respect to such element or category.

vi.      A statement by each party as to whether the case is to be tried with or without a jury, and the estimated number of trial days needed.

vii.      All stipulations or agreed statements of fact or law.

viii.      A list by each party of the witnesses whose testimony is to be offered in that party's case in chief, indicating whether each witness will testify in person, via affidavit (in bench trials), or by deposition, and briefly stating the topic(s) on which the witness will testify. Absent extraordinary circumstances a party may not call as a witness in its case in chief any person not listed in the Joint Pretrial Order.

ix.      A designation by each party of deposition testimony to be offered in that party's case in chief, together with any cross-designations or objections by any other party. For each designation as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any cross-designation or objection not made will be deemed waived. Absent extraordinary circumstances a party may not offer in its case in chief any deposition testimony not listed in the Joint Pretrial Order.

x.      A list by each party of exhibits to be offered in its case in chief. Each exhibit shall be pre-marked (plaintiff to use numbers, defendant to use letters). For each exhibit as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. Absent extraordinary circumstances, a party may not offer in its case in chief any exhibit not listed in the Joint Pretrial Order.

**c.**      **Filings Prior to Trial.** Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial (or 30 days after the filing of the final pretrial order if no trial date has been fixed):

i.     In jury cases: proposed voir dire questions, requests to charge, and a proposed verdict sheet.

ii.    In nonjury cases: a statement of the elements of each claim or defense involving such party, together with a summary of the facts that will be relied upon to establish each element. If the parties believe it would be useful, they may also file pretrial memoranda, limited to 8,750 words (approximately 25 pages).

iii.    In all cases: motions addressing any evidentiary or other issues which should be resolved in limine.

**d.**    **Marking Exhibits for Trial.** Three court days before the date set for the final pretrial conference, each party must provide each other party, and the Court, with a tabbed binder or binders containing copies of its trial exhibits and deposition designations.

**6.**    **Conferences and Hearings.** Unless otherwise ordered by the Court, all conferences, hearings, and other proceedings in civil cases will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

**a.**    **Teleconferencing.** If the Court instead schedules a proceeding via teleconference, using its dedicated WEBEX teleconference line, the parties must dial (855) 244-8681 and enter the access code 23141814376# a few minutes before the time scheduled for the proceeding.

**b.**    **Video Conferencing.** If the Court instead schedules a proceeding via videoconference, the Court will provide the videoconferencing link to counsel, via email, in advance of the conference, and will also provide an audio-only dial-in line, which may be used by the public and will be published on ECF. For video settlement conferences, no public dial-in information will be provided.

**c.**    **Junior Lawyers**. Normally, the Court applies the "one lawyer per party" rule for conferences, hearings, and motion arguments. However, the Court is willing to vary that rule in order to create opportunities for less experienced lawyers to argue or otherwise participate in courtroom proceedings as to matters they have helped prepare, and firms are encouraged to provide such opportunities for the junior members of their teams. Lead counsel should advise the Court at the outset of a proceeding of any request to permit a second lawyer to handle a portion of that proceeding.

7.      **Pro Se Parties**

    a.      All letters, motions, and other communications to the Court from pro se parties that are not filed electronically must be submitted to the Pro Se Intake Unit, *not directly to chambers*. Non-incarcerated pro se parties who have an email address and wish to *receive* court orders and other case-related documents quickly, automatically, and electronically, may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form, available from the Pro Se Intake Unit or at:

        https://nysd.uscourts.gov/sites/default/files/pdf/proseconsentecfnotice-final.pdf

        Non-incarcerated pro se parties who have an email address and wish to *receive, serve, and file* case-related documents electronically may request permission to do so by filing a Motion for Permission for Electronic Case Filing, available from the Pro Se Intake Unit or at:

        https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases

    b.      Pro se parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

        i.      **Drop off** the documents in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

        ii.      **Mail** the documents to the Pro Se Intake Unit at 500 Pearl Street, Room 205, New York, New York, 10007.

        iii.      **Email** the documents to ProSe@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at nysd.uscourts.gov/prose.

    c.      A pro se party must provide the Court and opposing parties with his or her address, telephone number, and email address, and must promptly update the Court and opposing parties if that information changes, using the Notice of Change of Address form, available from the Pro Se Intake Unit or at:

        http://nysd.uscourts.gov/node/823

    d.      A free legal clinic called the Federal Pro Se Legal Assistance Project assists parties who are representing themselves in civil lawsuits in this Court. The project is run by a private organization, not the Court. To request assistance from the project, parties may complete the clinic's intake form, available at:

        https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/



United States District Court
Southern District of New York

# MOTIONS

This guide is intended to be a summary of basic procedures for motion practice. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Motions

### What is a motion?

- A motion is a formal way for a party to ask the court to do something. Generally, any time a party wants the court to do something in a case, that party must make a motion. See Fed. R. Civ. P. 7(b). Some types of motions — the types most often made in cases involving litigants without lawyers — are discussed in this packet.

### What is a dispositive motion?

- A "dispositive" motion means that if the court grants the motion, judgment will be entered with respect to certain claims or defenses, or even with respect to the entire case. Dispositive motions include motions to dismiss and motions for summary judgment.

- Other types of motions, such as a motion to amend the complaint or a motion for an extension of time, are "nondispositive," which means that the decision on the motion will not ordinarily result in judgment or dismissal of any part of the case.

### What are the steps for making a motion?

- Motions must be made in writing, except for those made during a hearing or a trial. See Fed. R. Civ. P. 7(b).

  o First, the party who makes the motion (called the "moving party" or "movant") files the motion, explaining what the moving party wants the court to do and why the court should do it.

  o Second, the opposing party files papers opposing the motion, explaining why the court should not grant the motion.



- o  Third, the moving party may file reply papers responding to the arguments made in the opposition papers. At that point, neither side may file any more documents related to the motion without permission from the court.

## Will there be oral argument on the motion?

- After all of the motion papers are filed, the court will typically decide the motion based solely on the arguments in the papers. In some cases, the court may schedule a conference where each side appears in the courtroom and states their arguments in person (this is called "oral argument").

- In either case, the court may decide the motion either in a written decision or by announcing the decision in the courtroom during a conference.

## How do I file and serve motion papers?

- Unless you have applied for and received permission to file your documents electronically, you should mail or deliver all papers to the Pro Se Intake Unit. The Clerk's Office will scan and docket your papers, and if the other parties have lawyers, they will be served with your papers electronically.

- If any other parties do not have lawyers, you must serve those parties with paper copies of your documents.

## When will the court decide the motion?

- Given how many cases each judge is assigned, it may take a while before the court decides a motion.

# Making a Motion

## How do I make a motion?

- First, you must determine the legal basis for bringing the motion. Some of the most common types of motions brought by plaintiffs without lawyers are motions for extensions of time, motions to compel compliance with discovery requests, and motions to amend a complaint.

- Second, you must check the Local Civil Rules and the judge's individual rules of practice to determine whether you are required to request a conference or take some other step before making your motion. If, for example, you would like to make a motion concerning a discovery issue, you must first write a letter to the judge. See Local Civil Rule 37.2. In some cases, a formal motion is not required, and you may make a motion simply by writing a letter.

- Third, you must draft your motion papers, which are described next.



## What documents do I need to file to make a motion?

- Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:[1]

  - **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.

  - **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

  - **Declaration:** A declaration (sometimes called an "affirmation") is a statement made under penalty of perjury that contains factual information relevant to the motion. The declaration may also include attached exhibits. A declaration is only required if factual information is necessary for the court to decide the motion.

- All motion papers must include a caption, the docket number, and the initials of the district judge and any magistrate judge before whom the case is pending, and have the name, address, telephone number, and email address (if available) of each person signing it clearly printed or typed below the signature. See Fed. R. Civ. P. 7, 10, 11; Local Civil Rule 11.1.

- Motion papers should also include a title next to or below the caption; for example, "Notice of Motion for Extension of Time" or "Declaration in Support of Motion to Dismiss." (Local Civil Rule 11.1 describes other formatting requirements for typewritten motions.)

- Certain types of motions may be made by letter. Check the Local Civil Rules and the individual rules of practice of the judge.

- If you are the one who made the motion, you are entitled to file a reply, responding to arguments that the other side made in its opposition papers. Unless the judge set a different schedule or includes different deadlines in his or her individual rules of practice, a reply is generally due seven days after the opposition is served. Your reply should consist of a memorandum of law or declaration (or both).

---

[1] The Clerk of Court will not refuse to accept your papers simply because they do not exactly comply with these rules. See Fed. R. Civ. P. 5(d).



# Opposing Motions

## How much time do I have to oppose a motion?

- Unless otherwise ordered by the judge or specified in the judge's individual rules of practice, opposition to most motions must be filed within 14 calendar days after you are served with the motion papers. Check Federal Rule of Civil Procedure 6 and Local Civil Rule 6.1, as well as the judge's individual rules of practice, if you are unsure how much time you have to respond to a motion.

- If you need additional time to meet a motion deadline, you should ask the party who made the motion for an extension of time. If that party agrees, you and that party can submit the agreement to the court to get its approval of the proposed schedule. If that party does not agree, you may write a letter to the judge asking for an extension of time.

## What documents do I need to file to oppose a motion?

- Unless the court makes an exception, you will need to file a memorandum of law to oppose a motion. In your memorandum of law, you will describe the cases, other authorities, and arguments that support your position that the motion should not be granted.

- If factual information is necessary for the court to decide the motion (if, for example, the defendant has moved for summary judgment), you may also need to submit one or more declarations. You may attach additional evidence as exhibits to the declarations.

- After you file your opposition, the party who made the motion may file a reply. You cannot "oppose" or respond to reply papers without permission from the court.

# Motions to Dismiss (Rule 12)

- In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure.

- The defendant may move to dismiss before filing an answer (under Federal Rule of Civil Procedure 12(b)) or after (under Federal Rule of Civil Procedure 12(c)).



- If you need to add facts to your complaint to oppose the motion to dismiss, you should describe the additional facts in a proposed amended complaint and submit that document with your memorandum of law.

# Motions for Summary Judgment (Rule 56)

- In a motion for summary judgment, a party (usually, but not always, a defendant) argues that the court should decide the case without a trial, because the undisputed facts show that the other party is not entitled to a verdict in that other party's favor. See Rule 56 of the Federal Rules of Civil Procedure.

- With some exceptions, motions for summary judgment are normally made after discovery has concluded.

- To successfully oppose a motion for summary judgment, you need to present the evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.

- In addition to the other documents required to make a motion, a party's motion for summary judgment must include a statement in the form required by Local Civil Rule 56.1 (a 56.1 statement).

- In the 56.1 statement, the moving party must list, in individually numbered paragraphs, important facts that the party argues are not in dispute.

- To oppose a motion for summary judgment, in addition to a memorandum of law, you must submit your own statement responding to the other party's 56.1 statement.

  o In paragraphs numbered to correspond with the other party's 56.1 statement, you must state whether you agree or disagree with each factual statement.

  o If you agree with the statement, you may just write "agree" as to the particular numbered paragraph.

  o If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement (such as a declaration made under penalty of perjury), deposition testimony, witness affidavits, or other documents as evidence to demonstrate that there is a dispute concerning that statement of fact. All of this evidence must be submitted to the court. You may do this by filing a declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

  o For example, if the defendant states: "1. The light was green when defendant entered the intersection," the plaintiff can either write: "1. Agree." or something like: "1. Disagree. The light was red when the defendant entered the intersection. See Police Accident Report, attached to plaintiff's declaration as Exhibit A."



United States District Court, S.D.N.Y.

Motions Page **6**

- If you do not respond to the other party's 56.1 statement, or if you do not respond to a particular paragraph, the court may consider the opposing party's factual statement to be true.

- If you believe that you need access to additional information to oppose the motion, you must file a declaration stating what information you need and why you need it to oppose the motion. See Fed. R. Civ. P. 56(d). Usually, filing such a declaration is appropriate only if the motion was made before discovery ended.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

**NOTICE OF MOTION**

_____

_____

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that

_____        _____
plaintiff or defendant        name of party who is making the motion

requests that the Court:

_____

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐  a memorandum of law

☐  my own declaration, affirmation, or affidavit

☐  the following additional documents:

_____
Dated

_____
Name

_____
Address

_____
Telephone Number (if available)

_____
Signature

_____
Prison Identification # (if incarcerated)

_____
City        State        Zip Code

_____
E-mail Address (if available)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                        Signature

_____          _____
Name                                              Prison Identification # (if incarcerated)

_____          _____  _____  _____
Address                             City                      State     Zip Code

_____          _____
Telephone Number (if available)          E-mail Address (if available)