UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x

| | |
|---|---|
| PETER RODRIGUEZ,<br><br>                      Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, ET AL.,<br><br>                      Defendants. | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S LOCAL CIVIL RULE 33.2 INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>20-CV-09840 (GHW) |

------------------------------------------------- x

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant(s) City of New York, et al., defendants The City of New York, Captain Shaday Gibson, Captain Bonar Moise, Correction Officer Temir Williams, and Correction Officer Peter Ferraro, respond and object to Plaintiff's Local Civil Rule 33.2 Interrogatories and Request for Production of Documents as follows:

## GENERAL STATEMENT

        1.     By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.     Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information

contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES AND DOCUMENT REQUEST

### INTERROGATORY AND DOCUMENT REQUEST NO. 1:

With respect to any disciplinary proceeding in which plaintiff alleges the denial of a constitutional right, produce all documents concerning the proceeding, including: reports of infraction; notices of infraction; misbehavior reports; any records reflecting informal interviews with the plaintiff or opportunities for the plaintiff to object to the discipline or housing status related to the discipline; disciplinary hearing records; hearing transcripts;[2] infraction and/or hearing disposition sheets; notices of administrative appeal and any accompanying documents; and any decisions on administrative appeal.

### OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 1:

This request is not applicable as plaintiff's complaint does not allege a deprivation of rights in any disciplinary proceeding.

### INTERROGATORY AND DOCUMENT REQUEST NO. 2:

Identify all Department and Facility employees who were present at, witnessed or investigated the Incident or who at or about the time of the Incident were assigned to work in the area where the Incident occurred (if such area is identifiable and discrete).

### OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 2:

Defendants refer plaintiff, pursuant to Fed. R. Civ. P. 33(d), to the documents numbered DEF 000001 through DEF 000052 for responsive information.

### INTERROGATORY AND DOCUMENT REQUEST NO. 3:

Identify all persons (including prisoners) other than Department and Facility employees who were present at the Incident.

---

[2] An untranscribed tape shall be treated as provided for in Instruction 3.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 3:**

Defendants object to Request No. 3 on the grounds that such information may constitute disclosure of information sealed pursuant to New York Criminal Procedure Law §§ 160.50 and/or 160.55 and/or § 375.1 of the Family Court Act in regards to non-party witnesses. Subject to and without waiving or in any way limiting this objection, no inmates other than plaintiff, and no civilians, were present at the incident.

**INTERROGATORY AND DOCUMENT REQUEST NO. 4:**

Produce any and all of the following documents in the custody, possession or control of the Department or Facility prepared by or at the direction of any employee of the City of New York, the State of New York or any other governmental entity in connection with the Incident: incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), use of force reports, unusual incident reports, witness statements, injury to inmate reports, video or audio tapes, photographs, reports of infraction, notices of infraction, dispositions of any infraction, misbehavior reports including documents in the file of any inmate disciplined in connection with the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 4:**

Defendants object to Request No. 4 on the grounds that non-party inmate names, book & case numbers and/or other identifying information including but not limited to NYSID numbers implicate privacy, safety, and security interests of non-parties and may be protected by the sealing provisions of New York Criminal Procedure Law §§ 160.50 and/or 160.55 and/or § 375.1 of the Family Court Act. Defendants refer plaintiff pursuant to Fed. R. Civ. P. 33(d) to the following documents[3] for responsive information: Incident reports, DEF 000404-000421; Use of Force Report, DEF 000422-000443; Unusual Incident Reports, DEF 000446-000492; Witness Statements, DEF 000001-000052; Injury to Inmate Report, DEF 000444-000445; Video or

---

[3] Information pertaining to unrelated incidents or other individuals has been redacted on relevance and privacy grounds and on the grounds that it may contain information sealed pursuant to N.Y.C.P.L. §§ 160.50 and/or 160.55.

audio, to be produced for inmate to view upon agreement with facility; Photographs, DEF 000001-000052; Reports/notices/dispositions of infraction, DEF 000053-000065 and DEF 000422-000443; Misbehavior Reports, DEF 000066-000403.

**INTERROGATORY AND DOCUMENT REQUEST NO. 5:**

Produce all files, including each closing memorandum and summary, made in the course of any completed investigation by the Department of Investigations, Inspector General or Internal Affairs Division (or similar groups) into the Incident. If the Incident or the conduct of defendants involved in the Incident is the subject of an ongoing investigation or a disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this request shall be suspended until the termination thereof (whether by completion of the investigation without charges being brought or by disposition of such charges). A response shall be due thirty (30) days after such termination.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 5:**

Defendants refer plaintiff pursuant to Fed. R. Civ. P. 33(d) to the documents numbered DEF 000001 through DEF 000052 for responsive information.

**INTERROGATORY AND DOCUMENT REQUEST NO. 6:**

If Plaintiff alleges physical injury and has authorized release, produce records of all medical treatment provided to the plaintiff in connection with such injury or claim. If defendants seek to rely on plaintiff's pre-existing medical condition as a complete or partial defense to any claim raised in the complaint, produce all records relating to such pre-existing medical condition generated during plaintiff's present and any prior term of incarceration. (If plaintiff fails to provide a release authorizing disclosure of medical records, defendants may move to compel such release or to dismiss some or all of plaintiff's claims). If production is made hereunder, identify all medical care providers assigned to work in the Facility clinic on the date of the Incident and identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding plaintiff's treatment.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 6:**

Plaintiff has not yet provided defendants with properly executed medical releases. Once such releases are provided, defendants will produce documents responsive to this request, if any, within 30 days of receiving such documents.

**INTERROGATORY AND DOCUMENT REQUEST NO. 7:**

If any defendant claims to have been physically injured in the Incident and is relying on the injury as a defense to the action, produce all records and claims of injury and all records of medical treatment provided to that defendant in connection with such injury. If defendant refuses to give consent to the release of medical records, defendant shall state whether defendant was treated at a prison facility, a clinic or by a private doctor and the date and place of each such treatment. If production is made hereunder, identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding defendant's treatment.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 7:**

This request is not applicable as none of the defendants claim to have been injured during the incident.

**INTERROGATORY AND DOCUMENT REQUEST NO. 8:**

For any defendant, other than for the Commissioner, any Deputy Commissioner or Assistant Commissioner, Warden and ranks above (and any similar positions for other Departments and Facilities), identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which the defendant was formally counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 8:**

Upon information and belief, that there are no responsive documents pertaining to any of the defendants in this case.

**INTERROGATORY AND DOCUMENT REQUEST NO. 9:**

In a Use of Force Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, criminally prosecuted or otherwise made the subject of remedial action in connection with having used force on an inmate.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 9:**

Upon information and belief, that there are no responsive documents pertaining to any of the defendants in this case.

**INTERROGATORY AND DOCUMENT REQUEST NO. 10:**

In an Inmate against Inmate Assault Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to supervise inmates property or failed to fulfill any or his or her responsibilities involving inmate safety.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 10:**

This request is not applicable as this is not an Inmate against Inmate Assault Case.

**INTERROGATORY AND DOCUMENT REQUEST NO. 11:**

In a Disciplinary Due Process Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, prosecuted or otherwise made the subject of remedial action in connection with that defendant's participation in or conduct of a disciplinary proceeding where it was alleged that the defendant violated a Department regulation or a constitutional right of an inmate.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 11:**

This request is not applicable as this is not a Disciplinary Due Process case.

**INTERROGATORY AND DOCUMENT REQUEST NO. 12:**

Produce from the plaintiff's inmate file for the period of incarceration during which the Incident arose (and any other Facility file for plaintiff if any defendant intends to rely on any of its contents) all documents concerning any occasion that plaintiff was subject to discipline. If the disciplinary record is lengthy, the defendant may, in the first instance, produce a computer printout of plaintiff's inmate's disciplinary history.

**OBJECTION AND RESPONSE TO INTERROGATORY AND DOCUMENT REQUEST NO. 12:**

Defendants refer plaintiff pursuant to Fed. R. Civ. P. 33(d) to the documents numbered DEF 000066 through DEF 000403 for responsive information..

Dated:   New York, New York
         March 19, 2021

- 7 -

                      JAMES E. JOHNSON
                      Corporation Counsel of the
                       City of New York
                      *Attorney for Defendants The City of New York,*
                      *Captain Shaday Gibson, Captain Bonar Moise,*
                      *Correction Officer Temir Williams, and Correction*
                      *Officer Peter Ferraro*
                      100 Church Street, Room 3-204
                      New York, New York 10007
                      (212) 356-5055/kweall@law.nyc.gov


By:    /s/ *Katherine J. Weall*
            KATHERINE J. WEALL
            *Senior Counsel*