UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PETER RODRIGUEZ,

                                                                                         Plaintiff,

            -against-

CITY OF NEW YORK, ET AL.,

                                                                                        Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS TO ADMIT AND REQUESTS FOR PRODUCTION**

Index No: 20-cv-9840 (GHW)

       PLEASE TAKE NOTICE that defendants the City of New York, Moise, Galuzevskiy, Williams, Ferraro, and Gibson, in response to the Plaintiff's Demand for Bill of Particulars on Affirmative Defenses and Notice for Discovery & Inspection, dated June 21, 2022, provide this response upon information and belief and upon the records maintained in this office, as follows:

       1.    Defendants object to these Demands to the extent that they purport to impose obligations on the City other than those imposed or authorized by the CPLR.  Further, defendants specifically objects to these Demands to the extent they request information not "material and necessary" to the defense or prosecution of an action as set forth in CPLR § 3101(a).

       2.    Defendants object to these Demands to the extent that they are palpably improper, vague, overbroad, and unduly burdensome to the extent each demand "fails to specify the documents to be disclosed with reasonable particularity." See Conway v. Bayley Seton Hosp., 104 A.D.2d 1018, 1019 (2d Dep't 1984) (holding that discovery and inspection of records which were not limited in terms were overly broad inasmuch as they "could be read to include a

myriad of irrelevant items"); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001) (holding that requests for "all . . . materials" and "all memorandum, correspondence, and work papers" are "overbroad, seek irrelevant information and impose an undue burden"); Finn v. Town of Southampton, 266 A.d.2d 429 (2d Dep't 1999); Harrison v. Bayley Seton Hosp., 247 A.D.2d 513 (2d Dep't 1998); Blum v. Allied Hardware, Inc., 237 A.D.2d 492 (2d Dep't 1997); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001); Related Companies v. Bishops Services, Inc., 171 A.D.2d 421 (1st Dep't 1991); American Reliance Insurance Co., 174 A.D.2d 591 (2d Dep't 1991).

       3.      In providing these objections and responses, defendants do not in any way waive but preserve: (i) all objections as to vagueness, ambiguity and undue burden; (ii) all objections as to materiality, relevance and admissibility of any document or information produced in response to these Demands, or the subject matter thereof; and (iii) all rights to object on any ground to the use of any of said documents or information, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action.

       4.      These general objections are incorporated into each of the specific responses to these Demands and shall be deemed continuing as to each Demand and are not waived, nor in any way limited by, specific responses.

       5.      Defendants object to these Demands to the extent that they seek documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

       6.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

8. Defendants further object in the entirety to these Demands to the extent that they seek the home address of individuals identified by the defendant.

9. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## REQUESTS TO ADMIT

**REQUEST TO ADMIT NO. 1:**

Admit that the document attached hereto as Exhibit 1 is true and correct.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 1:**

Defendants object to Request for Admission No. 1 on the grounds that it is vague and ambiguous as to the term "true and correct." Defendants further object to Request for Admission No. 1 on the grounds that the document may not be complete.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 1 is denied.

**REQUEST TO ADMIT NO. 2:**

Admit that Defendant Captain Gibson did not provide Plaintiff Peter Rodriguez prompt and adequate medical care on August 31, 2020.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 2:**

Defendants object to Request to Admit No. 2 on the grounds that it is vague and ambiguous as to the terms "provide," "prompt" and "adequate." Defendants further object to this Request on the grounds that it is overbroad. Defendants further object to Request to Admit No. 2 on the grounds that Captain Gibson is not a medical professional and thus is not qualified to nor responsible for "providing" medical care to inmates.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request to Admit No. 2 is denied.

**REQUEST TO ADMIT NO. 3:**

Admit that the document attached hereto as Exhibit 2 is true and correct.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 3:**

Defendants object to Request for Admission No. 3 on the grounds that it is vague and ambiguous as to the term "true and correct." Defendants further object to Request for Admission No. 3 on the grounds that the document may not be complete.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 3 is denied.

**REQUEST TO ADMIT NO. 4:**

Admit that Defendant Captain Gibson was responsible for escorting Plaintiff Peter Rodriguez to receive medical attention on August 31, 2020.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 4:**

Defendants object to Request to Admit No. 4 on the grounds that it is vague and ambiguous as to the term "responsible for." Defendants further object to this Request on the grounds that it is not adequately limited in time and scope.

-5-

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to the document bates stamped DEF 000043, which was previously produced.

**REQUEST TO ADMIT NO. 5:**

Admit that the document attached hereto as Exhibit 3 is true and correct.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 5:**

Defendants object to Request for Admission No. 5 on the grounds that it is vague and ambiguous as to the term "true and correct." Defendants further object to Request for Admission No. 5 on the grounds that the document may not be complete.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 5 is denied.

**REQUEST TO ADMIT NO. 6:**

Admit Defendant Temir Williams utilized chemical agents on Plaintiff Peter Rodriguez.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 6:**

Defendants object to Request to Admit No. 6 on the grounds that it is vague and ambiguous as to the term "utilized chemical agents on." Defendants further object to this Request on the grounds that it is not limited in time or in scope.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to the document bates numbered DEF 000048, which was previously produced.

**REQUEST TO ADMIT NO. 7:**

Admit that NYC DOC Rule and Regulation - Directive 4510R-G, Sec. V.3.A. - states "The use of hand-held chemical agents is prohibited in the following situation: To force an inmate to comply with an officer's verbal order."

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 7:**

Defendants object to Request to Admit No. 7 on the grounds that it assumes facts not true or established, and is vague and ambiguous and misleading as it only quotes a portion of the section of Directive 4510R-G, Section V.A.3.a. The full section states "The use of a hand-held chemical agent is prohibited in the following situations:…To force an inmate to comply with an officer's verbal orders, <u>except in those situations outlined in the preceding Section V.A.2.</u>" (emphasis added). Defendants refer plaintiff to the document bates stamped DEF 7631 – DEF 7649 for the full text of Directive 4510R-G.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 7 is denied.

**REQUEST TO ADMIT NO. 8:**

Admit that the document attached hereto as Exhibit 4 is true and correct.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 8:**

Defendants object to Request for Admission No. 8 on the grounds that it is vague and ambiguous as to the term "true and correct." Defendants further object to Request for Admission No. 8 on the grounds that the document may not be complete.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 8 is denied.

**REQUEST TO ADMIT NO. 9:**

Admit that the document attached hereto as Exhibit 5 is true and correct.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 9:**

Defendants object to Request for Admission No. 9 on the grounds that it is vague and ambiguous as to the term "true and correct." Defendants further object to Request for Admission No. 9 on the grounds that the document may not be complete.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 9 is denied.

**REQUEST TO ADMIT NO. 10:**

Admit that the document attached hereto as Exhibit 6 is true and correct.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 10:**

Defendants object to Request for Admission No. 10 on the grounds that it is vague and ambiguous as to the term "true and correct." Defendants further object to Request for Admission No. 10 on the grounds that the document may not be complete.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 10 is denied.

**REQUEST TO ADMIT NO. 11:**

Admit the Defendant City of New York is responsible for the appointment, training, supervision, and conduct of the Defendants Moise, Gibson, Galuzevskiy, Williams and Ferraro.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 11:**

Defendants object to Request to Admit No. 11 on the grounds that it is vague and ambiguous as to the terms "responsible for" and "appointment, training, supervision, and conduct."

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 11 is denied, except defendants

admit that the City of New York is a municipal corporation incorporated under the laws of the state of New York and that the City maintains a corrections department known as the New York City Department of Correction. Defendants further admit that, on August 31, 2020, defendants Moise, Gibson, Galuzevskiy, Williams and Ferraro were employed by the Department of Correction as correction captains and/or officers.

**REQUEST TO ADMIT NO. 12:**

Admit Defendant Galuevskiy was working at Manhattan Detention Complex on December 15, 2020, between the hours of 6:00 p.m. and 8:00 p.m.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 12:**

Defendants object to Request to Admit No. 12 on the grounds that it is vague and ambiguous as to the term "working at."

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants state that they are continuing to search for information responsive to this Request, and will supplement their responses upon receipt of such information.

**REQUEST TO ADMIT NO. 13:**

Admit that Plaintiff Peter Rodriguez's assigned cell on August 31, 2020 was never cleaned or sanitized.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 13:**

Defendants object to Request to Admit No. 13 on the grounds that it is vague and ambiguous as to the terms "never," "cleaned" and "sanitized." Defendants further object to this Request on the grounds that it is overbroad, and on the grounds that it is not limited in time or in scope.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, Request for Admission No. 13 is denied.

**REQUEST TO ADMIT NO. 14:**

Admit the Defendant Temir Williams utilized chemical agents at the same time another officer utilized chemical agents on Plaintiff Peter Rodriguez on August 31, 2020.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 14:**

Defendants object to Request to Admit No. 14 on the grounds that it is vague and ambiguous as to the terms "utilized chemical agents at the same time" and "another officer." Defendants further object to this Request on the grounds that it is not limited in time or in scope.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to the document bates numbered DEF 000048, which was previously produced. Request to Admit No. 14 is denied.

**REQUEST TO ADMIT NO. 15:**

Admit that on August 31, 2020, two officers including Defendant Williams utilized chemical agents at the same time on Plaintiff Peter Rodriguez.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 15:**

Defendants object to Request to Admit No. 15 on the grounds that it is vague and ambiguous as to the term "utilized chemical agents at the same time" and "on Plaintiff Peter Rodriguez." Defendants further object to this Request on the grounds that it is not limited in time or in scope.

Notwithstanding and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to the document bates numbered DEF 000048, which was previously produced. Request to Admit No. 15 is denied.

**REQUEST TO ADMIT NO. 16:**

Admit Defendant Galuzevskiy sprayed Plaintiff Peter Rodriguez with a fire extinguisher on August 31, 2020.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 16:**

Defendants object to Request to Admit No. 16 on the grounds that it is vague and ambiguous as to the term "sprayed…with." Defendants further object to this Request on the grounds that it assumes facts not established or true.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, Request to Admit No. 16 is denied.

**REQUEST TO ADMIT NO. 17:**

Admit Defendant Galuzevskiy was working at Manhattan Detention Complex Housing Unit 9 South on December 18, 2020 between the hours 4:30 p.m. and 5:30 p.m.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 17:**

Defendants object to Request to Admit No. 17 on the grounds that it is vague and ambiguous as to the term "working at."

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants state that they are continuing to search for information responsive to this Request, and will supplement their responses upon receipt of such information.

**REQUEST TO ADMIT NO. 18:**

Admit Defendant Galuzevskiy was working at Manhattan Detention Complex Housing Unit 9 South on December 18, 2020 between the hours of 6:40 p.m. 7:00 p.m.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 18:**

Defendants object to Request to Admit No. 18 on the grounds and to the extent that it is duplicative of Request to Admit No. 17. Defendants refer plaintiff to their response to Request No. 17.

## REQUESTS TO PRODUCE

**REQUEST TO PRODUCE NO. 1:**

Produce all videotapes and visual recordings ordered by the court on January 21, 2021.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 1:**

Defendants object to Request to Produce No. 1 on the grounds that it is vague and ambiguous as to the terms "videotapes and visual recordings" and "ordered by the court." Defendants further object to this Request on the grounds that it is premature, in that, on June 7, 2022, the Court ordered that surveillance video be produced to plaintiff by October 14, 2022. See ECF No. 104.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, surveillance video will be produced to plaintiff no later than October 14, 2022.

**REQUEST TO PRODUCE NO. 2:**

Produce DOC. Rule and Regulation Directive 5006R-C, Section 4.A.2.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 2:**

Defendants object to Request to Produce No. 2 on the grounds that it is vague and ambiguous as to the term "Rule and Regulation Directive." Defendants further object to this Request on the grounds that it is overbroad, and is not proportional to the needs of the case.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants refer plaintiff to the document Bates numbered DEF 007688 through DEF 007705.

**REQUEST TO PRODUCE NO. 3:**

Produce DOC. Rules and Regulation Directive 4510R-G, Section V.3.A.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 3:**

Defendants object to Request to Produce No. 3 on the grounds that it is vague and ambiguous as to the term "Rule and Regulation Directive." Defendants further object to this Request on the grounds that it is overbroad, and is not proportional to the needs of the case.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants refer plaintiff to the document Bates numbered DEF 007631 through DEF 007649.

**REQUEST TO PRODUCE NO. 4:**

Produce DOC, Rules and Regulation 3.05.120.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 4:**

Defendants object to Request to Produce No. 4 on the grounds that it is vague and ambiguous as to the term "DOC, Rules and Regulation."

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants refer plaintiff to the document Bates numbered DEF 007706.

**REQUEST TO PRODUCE NO. 5:**

Produce all handheld videos documenting the incident of this matter.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 5:**

Defendants object to Request to Produce No. 5 on the grounds that it is vague and ambiguous as to the terms "handheld videos" and "documenting the incident of this matter," and to the extent it assumes facts not true or established. Defendants further object to this Request on the grounds that it is premature, in that, on June 7, 2022, the Court ordered that surveillance video be produced to plaintiff by October 14, 2022. See ECF No. 104.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, any handheld video will be produced to plaintiff no later than October 14, 2022.

**REQUEST TO PRODUCE NO. 6:**

Produce all video footage documenting the incident of this matter.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 6:**

Defendants object to Request to Produce No. 6 on the grounds that it is vague and ambiguous as to the terms "video footage" and "documenting the incident of this matter." Defendants further object to this Request on the grounds that it is duplicative of Requests Nos. 1 and 5.

Notwithstanding and without limiting these objections or defendants' general objections, defendants refer plaintiff to their responses to Requests Nos. 1 and 5.

**REQUEST TO PRODUCE NO. 7:**

Produce NYC DOC Directive 4516R-B (injury to inmates reports).

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 7:**

Defendants object to Request to Produce on the grounds that it is overbroad and not proportional to the needs of the case.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants refer plaintiff to the document Bates numbered DEF 007594 through DEF 007609.

**REQUEST TO PRODUCE NO. 8:**

Produce all documents that relate to the NYC DOC fire safety directives.

-13-

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 8:**

Defendants object to Request to Produce No. 8 on the grounds that it is vague and ambiguous as to the terms "relate to" and "fire safety directives." Defendants further object to this Request on the grounds that it is overbroad, in that it calls for the production of "all" documents "that relate" to fire safety directives. Defendants further object to this document request on the grounds that it is not proportional to the needs of the case and not relevant to any claims or defenses in the case.

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants refer plaintiff to the documents Bates numbered DEF 007707 through DEF 007723; DEF 007724 through DEF 007725; and DEF 007726 through DEF 007729.

**REQUEST TO PRODUCE NO. 9:**

Produce all documents and log books in relation to the Sanitation of Housing Unit 9 South in Manhattan Detention Complex on August 31, 2020 and September 1, 2020.

**OBJECTION AND RESPONSE TO REQUEST TO PRODUCE NO. 9:**

Defendants object to Request to Produce No. 9 on the grounds that it is vague and ambiguous as to the phrases "all documents and log books" and "in relation to."  Defendants further object to this Request on the grounds that it is overbroad and is not proportional to the needs of the case, in that it calls for the production of "all documents"

Notwithstanding and without waiving or limiting these objections or defendants' General Objections, defendants state that they are continuing to search for documents responsive to this Request, and will supplement their responses upon receipt of such documents, if any exist.

Dated: New York, New York
September 16, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Room 3-166
New York, New York 10007
(212) 356-5055
kweall@law.nyc.gov


By:   /s/ *Katherine J. Weall*
         _____
         KATHERINE J. WEALL
         *Senior Counsel*


<u>BY MAIL</u>
TO:   Peter Rodriguez
      *Pro Se Plaintiff*
      DIN 22B2287
      Attica Correctional Facility
      630 Exchange St. Rd.
      Attica, NY 14011

-15-