UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PETER RODRIGUEZ,

                                                  Plaintiff,

       -against-

CITY OF NEW YORK, ET AL.,

                                                 Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS TO ADMIT**

Index No: 20-cv-9840 (GHW)

      PLEASE TAKE NOTICE that defendants the City of New York, Moise, Galuzevskiy, Williams, Ferraro, and Gibson, in response to the Plaintiff's Demand for Bill of Particulars on Affirmative Defenses and Notice for Discovery & Inspection, dated June 21, 2022, provide this response upon information and belief and upon the records maintained in this office, as follows:

      1.     Defendants object to these Demands to the extent that they purport to impose obligations on the City other than those imposed or authorized by the CPLR. Further, defendants specifically objects to these Demands to the extent they request information not "material and necessary" to the defense or prosecution of an action as set forth in CPLR § 3101(a).

      2.     Defendants object to these Demands to the extent that they are palpably improper, vague, overbroad, and unduly burdensome to the extent each demand "fails to specify the documents to be disclosed with reasonable particularity." See Conway v. Bayley Seton Hosp., 104 A.D.2d 1018, 1019 (2d Dep't 1984) (holding that discovery and inspection of records which were not limited in terms were overly broad inasmuch as they "could be read to include a

myriad of irrelevant items"); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001) (holding that requests for "all . . . materials" and "all memorandum, correspondence, and work papers" are "overbroad, seek irrelevant information and impose an undue burden"); Finn v. Town of Southampton, 266 A.d.2d 429 (2d Dep't 1999); Harrison v. Bayley Seton Hosp., 247 A.D.2d 513 (2d Dep't 1998); Blum v. Allied Hardware, Inc., 237 A.D.2d 492 (2d Dep't 1997); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001); Related Companies v. Bishops Services, Inc., 171 A.D.2d 421 (1st Dep't 1991); American Reliance Insurance Co., 174 A.D.2d 591 (2d Dep't 1991).

        3.     In providing these objections and responses, defendants do not in any way waive but preserve: (i) all objections as to vagueness, ambiguity and undue burden; (ii) all objections as to materiality, relevance and admissibility of any document or information produced in response to these Demands, or the subject matter thereof; and (iii) all rights to object on any ground to the use of any of said documents or information, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action.

        4.     These general objections are incorporated into each of the specific responses to these Demands and shall be deemed continuing as to each Demand and are not waived, nor in any way limited by, specific responses.

        5.     Defendants object to these Demands to the extent that they seek documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

        6.     Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

8. Defendants further object in the entirety to these Demands to the extent that they seek the home address of individuals identified by the defendant.

9. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## REQUESTS TO ADMIT

**REQUEST TO ADMIT NO. 12:**

Admit Defendant Galuzevskiy was working at Manhattan Detention Complex on December 15, 2020, between the hours of 6:00 p.m. and 8:00 p.m.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 12:**

Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit that Defendant Galuzevskiy was working at the Manhattan Detention Complex on December 15, 2020.

**REQUEST TO ADMIT NO. 17:**

Admit Defendant Galuzevskiy was working at Manhattan Detention Complex Housing Unit 9 South on December 18, 2020 between the hours 4:30 p.m. and 5:30 p.m.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 17:**

Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit that Defendant Galuzevskiy was working at the Manhattan Detention Complex on December 18, 2020.

**REQUEST TO ADMIT NO. 18:**

Admit Defendant Galuzevskiy was working at Manhattan Detention Complex Housing Unit 9 South on December 18, 2020 between the hours of 6:40 p.m. 7:00 p.m.

**OBJECTION AND RESPONSE TO REQUEST TO ADMIT NO. 18:**

Defendants object to Request to Admit No. 18 on the grounds and to the extent that it is duplicative of Request to Admit No. 17. Without waiving or in any way limiting these objections or defendants' General objections, defendants deny Request to Admit No. 18. Defendants refer plaintiff to their response to Request No. 17.

Dated: New York, New York
        October 26, 2022

                    HON. SYLVIA O. HINDS-RADIX
                    Corporation Counsel of the
                     City of New York
                    *Attorney for Defendants*
                    100 Church Street, Room 3-166
                    New York, New York 10007
                    (212) 356-5055
                    kweall@law.nyc.gov

By:   /s/ *Katherine J. Weall*
        KATHERINE J. WEALL
        *Senior Counsel*

-4-

-5-

BY U.S. MAIL

TO: Peter Rodriguez
  *Pro Se Plaintiff*
  DIN 22B2287
  Five Points Correctional Facility
  6600 State Route 96
  Caller Box 119
  Romulus, N.Y. 14541