# Exhibit G

1

United States District Court
Southern District of New York.

RECEIVED
SDNY PRO SE OFFICE

2021 FEB -9  AM 11: 19

Peter Rodriguez,

PLAINTIFF,

AGAINST.

City of New York, E.S.U.
CAPTAIN Moise #1451, E.S.U.
OFFICER GALUEZVSKIY #8957,
E.S.U. OFFICER TEMIR WILLIAMS
#11475, CORRECTION OFFICER
FERRARO #1805, CAPTAIN GIBSON,

DEFENDANTS.

20-CV-9840
(GHW) (BM)

SECOND
AMENDED
COMPLAINT

JURY TRIAL
DEMANDED

PLAINTIFF, Peter Rodriguez, FOR HIS SECOND
AMENDED COMPLAINT AGAINST DEFENDANTS
City of New York, ESU CAPTAIN MOISE,
ESU. OFFICER GALUEZVSKIY, E.S.U.
OFFICER TEMIR WILLIAMS, CORRECTIONS
OFFICER FERRARO AND CAPTAIN GIBSON,
ALLEGES AS FOLLOWS:

2

## Peter Rodriguez

**1.** Peter Rodriguez, PLAINtiff is a citezen of the United States AND is currently A pretrial detainee incarcerated in the Department of Corrections custody in M.D.C. in New York, NY. ON OR about MONDAY, AUGUST 31st, 2020 at approximately 1800 hrs as well as other times mentioned Ahead, Peter Rodriguez WAS ASSAULTED, HARRASSED AND BAttered by D.O.C staff, As well as DENIED Adequate Medical CARE At the M.D.C. Housing UNIT 9 south.

**2.** ON OR about MONDAY, AUGUST 31, 2020 At approximately 1800 hrs, 6 hours after MR. RODRIGuEZ WAS DeadLocked in his cell with no property, a fire Started in cell #3 which WAS OCCUPIED BY MR. RODRIGuEZ.

**3.** IN RESPONSE to the fire, DEfENDANts FERRARO, MOISE, GALVEZVSKIY AND Williams APPROACHED MR. RODRIGuEZ's cell, OPENED the cell, AND DEfENDANt MOISE tOLD DEfENDANt Ferraro "we got this, you CAN

leave, we will take care of him."

**4.** WHEN FERRARO WAS ABOUT TO LEAVE the area, GALUEZVSKIY to his OLEORESIN CAPSICUM SPRAY "OC SPRAY" AND GAVE it to Defendant williams. GALUEZVSKIY then grab the fire extinguisher from FERRARO AND Began to spray MR. RODRIGUEZ in his mouth, eyes AND torso while wearing a Lewd smile, Never attempting once to extinguish the fire. DEFENDANT ferraro then Left the area.

**5.** WHEN MR. RODRIGUEZ PLEADED With GALUEZVSKIY to stop spray him with the fire extinguisher he LAUghed AND told defendant Williams to "Get him". ALthough MR. RODRIGUEZ POSED No threat to anyone, williams then sprayed MR. Rodriguez with 2 cans of O.C. At the same time.

**6.** Despite security CONSIDERATIONS issued By MEDICAL Doctors of CORRECTIONAL Health services to not use O.C. SPRAY ON OR rear cuff MR. RODRIGUEZ, DEfENDANTS WILLIAMS AND GALUEZVSKIY told MR. RODRIGUEZ

TO PLACE HIS HANDS BEHIND HIS BACK AND WHEN He complied the DEFENDANTS MENTIONED Rear cuffed him AND escorted Him out of the Housing area. THE DEFENDANTS WILLIAMS AND GALVEZVSKIY then Left MR. RODRIGUEZ In the ELEVATOR Vestibule for over 15 minutes Burning from the O.C. SPRAY.

**7.**    MR. RODRIGUEZ COMPLAINING of BURNING ASKED DEFENDANTS "WHEN WILL I BE DECON-taminated, I AM IN PAIN" He WAS TOLD to "Shut up" AND then DEFENDANTS tighted the CUFFS even More. Mr. Rodriguez WAS then escorted to intake for Decontamination where he WAS threatened By DEFENDANTS to "DENY MEDICAL OR ELSE..." .

**8.**    AFTER SPENDING MORE THAN 3 HOURS STANDING in the DECONTAMINATION shower, MR. RODRIGUEZ WAS WALKED to Medical CLINIC, WHILE en-ROUTE CAPTAIN GIBSON TOLD HIM (AREA SUPERVISOR of AREA WHERE COMPLAINT occurred) tHAT UNLESS MR. RODRIGUEZ Refuses Medical treatment He WILL NOT Be GIVEN HIS PROPERTY BACK. WHEN MR.

RODRIGUEZ entered the clinic AND tried to speak with the doctor, CAPTAIN GIBSON JUMPED IN FRONT OF MR. RODRIGUEZ AND told the doctor "He Refuses." Which is why MR. RODRIGUEZ WAS UNABLE to sign his "INJURY to inmate REPORT".

9. After exiting the clinic MR. RODRIGUEZ WAS escorted BACK to his housing area AND his assigned cell #3. UPON entering MR. RODRIGUEZ Noticed this his cell WAS still filled with smoke, FIRE DEBRIS, O.C. SPRAY ALL OVER the cell AS WELL AS MASSIVE AMOUNTS OF WATER. When MR. RODRIGUEZ EXPLAINED this to CAPTAIN GIBSON She RESPONDED "Step in or I will spray you". Mr. Rodriguez complied AND HIS cell WAS Secured. MR. RODRIGUEZ WAS CONFINED IN HIS cell filled with smoke, FIRE DEBRIS, CARBON MONOXIDE, AND O.C. SPRAY FOR OVER 12 hours.

10. AS A RESULT of the HARRASSMENT, SADISTIC AND MALICIOUS ASSAULT, Negligence, AND CRUEL AND UNUSUAL PUNISHMENT, MR

RODRIGUEZ SUffered chest pains, Headaches, Burning of the SKIN ANDeyes, WRIST AND SHOULDER PAIN, BLURRY VISION, AS well AS Breathing COMPLICATIONS AND INCReased Aggitation OF MR. RODRIGUEZ'S DIAGnosed ASTHMA CONDITION.

**11.**    ON OR ABOUT December 4, 2020 Between the hours of 4:45 PM AND 5:30 PM, Defendant GALUEZVSKIY APPROACHED MR. RODRIGUEZ's ASSIGNED Cell AND ASKED HIM "IF He IS SUING him". MR. RODRIGUEZ RESPONDED "NO" out of fear of retaliation.

**12.**    ON OR ABOUT December 15, 2020 At APPROXIMATELY 7:00 PM, DEFENDANT GALUEZVSKIY APPROACHED MR. RODRIGUEZ while he WAS IN the shower area. THe DefenDANT then stated to MR. RODRIGUEZ that "IF YOU DONT DROP the LAWSUIT, YOU will be DeadLocked IN your cell for the rest of the night". MR. RODRIGUEZ SCARed FOR HIS LIfe DID NOt RESPOND.

**13.** ON OR ABOUT December 18, 2020 Between the Hours of 6:40pm and 6:50pm, Defendant GALUEZVSKIY APPROACHED my Assigned cell WAIVING his FIST Aggressively yelling at me "When I Am here you stay in your cell". MR RODRIGUEZ OUT OF FEAR stated nothing IN ReTurn and entered his cell.

**14.** AFTER THE INTIMIDATION tactics AND HARRASSMENT which is DEFINED AS "EMPLOYEE MISCONDUCT Meant to ANNOY, intimidate or harm an INMATE", see "N.Y.S. COMPLIANCE CODES R. § 701.2 (e), MR. RODRIGUEZ who suffere's from Diagnosed Mental illnesses AS DEPRESSION AND BI-POLAR DISORder, FELT AS IF HE HAD enough. "HARRASSMENT ALLEGATIONS" ARE NOTa grieVABLE cATagory according to the O.G.C.S. MR. RODRIGUEZ FELT AS IF NOBODY will help him and fell under A Depressive spell which Lead to a SUICIDE Attempt in which EMERGENCY Medical Services WAS CALLED AND he WAS tAken to Bellevue hospital.

8

**15.** MR. RODRIGUEZ CONTINUES to suffer EMOTIONAL AND Mental as well as Physical injuries As A result of the MALICIOUS AND SADISTIC ASSAULT, BATTERY, HARRASSMENT, NEGLiGENCE AND cruel AND uNusual Punishment, iNCLUDiNG complications AND AGGiTATION of MR. Rodriguez's ASTHMA CONDITION, severe PAIN of his wrists, PAIN iN his eyes, fuzzy VISION, Reduced VISION, NIGHtMARES, ANXIety, DEPRESSION, iNSOMNIA, AND POST-traumatic Stress Disorder.

**16.** MR. RODRIGUEZ DID NOT ASSAULT, OR Attempt to ASSAULT ANY OFficer NOR DID he Provoke the ASSAULT or CONDUCT HIMSELF IN ANY MANNER that WOULD WARRANT ANY use of FORCE, MUCH LESS the UNNECESSARY AND excessive FORCE ACTUALLY used. THE CONDUCT of DEFENDANTS MOISE, FERRARO, GALUEZVSKIy AND Williams WAS MALICIOUS AND SADISTIC, iNTENDED to AND Did CAUSe HARM AND PHYSiCAL INjuRy to MR. Rodriguez, AND Portrayed clear-cut Deliberate

INDIFFERENCE to MR. RODRIGUEZ's RIGHTS AND PHYSICAL well Being. DEFENDANTS moise, Ferraro and GIBSON FAILED to INTERVENE to prevent the ASSAULT ON, AND PREVENT further injury to MR. Rodriguez

17.    Despite the injuries to MR. RODRIGUEZ AND UNPROVOKED NATURE of the DEFENDANTS' 8/31/2020 ASSAULT, MR. RODRIGUEZ WAS ISSUED AN INFRACTION which was Dismissed BY AN ADJUDICATION CAPTAIN After Reviewing video footage During the hearing, the reason for the DISMISSAL WAS "DUE PROCESS violation.

## exhaustion of ADMINISTRATIVE Remedies

18.    THE GRIEVANCE procedure WAS NOT AVAILABLE to MR. RODRIGUEZ BECAUSE NO one Adequately explained to PLAINTIFF the GRIEVANCE process. THE GRIEVANCE process IS SO COMPLEX that D.O.C. PERSONNEL at At Levels of EMPLOYMENT including the COMMISSIONER, chair of BOARD of Corrections, WARDENS, Deputy WARDENS AND Captains

ARE LARGELY UNFAMILIAR with how the PROCESS OR MANNER By which inmates are required to exhaust their Administrative Remedies. to that end it would Be UNREASONABLE, IF NOT IMPOSSIBLE FOR PLAINtiff to Adequately understand the PROCESS.

19.        WHEN PLAINtiff FINALLY RECIEVED A GRIEVANCE FORM AND filled it out he WAS told by the GRIEVANCE officer that "USES OF FORCE", "ASSAULT ALLEGATIONS", AND "HARRASSMENT ALLEGATIONS" AND "STAFF COMPLAINTS" ARE NOt grieVABLE cAtagories AND "It WOULD NOt MAKE NO SENSE to SUBMIT it". "THE GRIEVANCE system operates AS A dead end with officers unable or CONSISTENtly unwilling to provide any Relief to Aggrieved inmates. THE GRIEVANCE system Is so opAque that it is IMPOSSIBLE to follow. ALSO As mentioned above PRISON ADMinistrators thewart inmates from using the grievance system by MAchination AND misreprentation". see, ROSS v. BLAKE, 136 SUP. Ct. 1850 (2016).

THE DEFENDANTS LIABILITY

**20.** Defendant City of New York is a municipal corporation which through its "Department of Correction" operates a number of Detention Jails as well as the Jail at issue in this complaint. The Department through its senior officials at the central office, and in the facility in the complaint, promulgates and implements policies, including policies with respect to the use, reporting and investigation of force by uniformed staff. Defendant City, is also responsible for the appointment, training, supervision, and conduct of all D.O.C personnel, including the defendant referenced herein.

**21.** The City of New York's failure to adequately train, supervise and alert its staff of the plaintiffs medical diagnoses and security considerations implemented by correctional Health Services Doctors who happened to be licensed by the state and city of New York, resulted in defendants mentioned utilizing O.C. spray against MR. RODRIGUEZ, DEPRIVING MR.

RODRIGUEZ OF RIGHTS, REMEDIES, PRIVILEDGES, AND IMMUNITIES guaranteed to every citizen of the united states, secured by 42 U.S.C. §1983, including, but not limited to, rights guaranteed under the 8th AND 14th AMENDMENTS to be free from UNNECESSARY AND EXCESSIVE force AND retaliation. As A Direct AND Proximate Result of the ACTIONS Detailed above, Mr. Rodriguez sUstAined the DAMAGES ALLeged.

22.     DefendANT CAptAin Moise, HAD A Direct, first Line Supervisory ResposibiLity over Defendant Williams, GALWEZVSKiY, AND Ferraro who were assigned to the housing area mentioned in this complaint, including Resposbility for taking Appropriate measures to ensure AND protect the PERSONAL SAfety of ALL INMATES Assigned to the housing area in the complaint as well as MR. RODRIGUEZ. THose responsibilities are required to be carried out in A manner consistent with the Legal MANDATES that govern the operation of the Department and its Jails, including the written Department Directives governing uses of force. At tHe time of the ASSAULTS ALLeged in this complaint CAptain moise WAS Acting As AN EMPLOyee

of the department AND Acted under color of state LAW.

**23.** DefeNDANts GALUEZVSKiy AND williams at all times referred to, were present uniformed correction officers employed By the city of New york AND were Assigned to the Detention Center AND Housing unit where the complaint occured. As uniformed correction officers these DefeNDANts have Direct Contact with inmates whom they are suppose to protect. the Actions of the DefeNDANts mentioned in paragraphs 3-7 AND 11-14 violated the NUNEZ Agreement As well as MR. RODRIGUEZ's rights GUARANteed By the 8th and 14th AMENDMENtS to be free from unnecessary AND excessive force, retaliation AND ASSAULt, HArrAssment and BAttery. At the times mentioned, DefeNDANts GALUEZVSKiy AND williams were acting as employees of the city of New york's D.O.C. AND Acted UNDER color of stAte LAW. As A DiPECt AND PROXimate resut of the MISCONDUCT, ABUSe of Authority, and by using unnecessary, excessive, SADistic, Brutal, MALICIOUS, UNDeserved forced

mention in paragraphs 3-7, As well as the UNLAWFUL HARRASSMENT AND intimidation tactics utilized by GALWEZVSKIY in paragraphs 11-14 AND BY FAILING to prevent other Defendants from DOING SO, MR. RODRIGUEZ sustained the DAMAGES Alleged.

24.      DEFENDANT FERRARO AT ALL times Referred to, WAS PRESENT AS A UNIFORMED CORRECTIONS OFFICER employed BY the City of New yorks D.O.C. AND WAS ASSIGNED to the Detention Center AND Housing UNIT where the complaint occurred. AS A UNIFORMED CORRECTIONS officer Ferraro HAS DIRECT CONTACT with inmates whom He is suppose to protect. Ferraro WAS present at the time DEFENDANT GALWEZSKIY AND DEFENDANT Williams Began their willful, UNLAWFUL, unwarranted AND INTENTIONAL ASSAULT AND BATTERY of MR. RODRIGUEZ. DEFENDANT Ferraro Did NOT TAKE Measures to prevent the SADISTIC AND MALICIOUS MISCONDUCT

OF DEFENDANTS GALUEZVSKIY AND williams therefore constituting Deliberate indifference to the rights AND SAFETY OF MR. RODRIGUEZ who was in his CARE, custody AND control at the time of this complaint. By permitting, tolerating and failing to intervene in the ASSAULt ON MR. RODRIGUEZ, DEFENDANT ferraro Deprived MR. RODRIGUEZ OF RIGHTS, Remedies, PRIVELEDGES AND immunities guaranteed to every person of the United states, secured by 42 U.S.C. § 1983 including, but not limited to, rights guaranteed under the 8th AND 14th Ammendments to be free from unnecessary AND excessive force AND Retaliation. At ALL times mentioned ferraro Acted Under color of state LAW. AS A result Of the misconduct AND failure to prevent the other Defendants from ASSAULting AND HUMILIATING MR. RODRIGUEZ, MR. RODRIGUEZ Sustained the DAMAGES ALLEGED.

25. DEFENDANT GIBSON AT ALL TIMES mentioned was an employee of the City of New Yorks D.O.C. AND was assigned as Area Supervisor of the Housing unit mentioned in this complaint. GIBSON AND ALL SUPERVISORS EMPLOYED BY the City of New Yorks D.O.C. HAVE to the DUTY to provide ALL INMATES with ADEQUATE medical core. THE Deliberate INDifference mentioned in PARAGRAPHS 8-9 As well As the threats of MALICIOUS ASSAULT AND SUBJECTING the plaintiff to cruel AND UNUSUAL PUNISHMENT BY forcefully MAKING the plaintiff enter A cell filled with smoke, FIRE Debris, AND O.C. SPRAY IS ALONE SADISTIC AND INHUMANE. DEFENDANT GIBSON At All times mentioned acted under color of state LAW. AS A Result OF the MISCONDUCT AND Deliberate indifference, MR. RODRIGUEZ SUSTAINED the DAMAGES Alleged.

17

26. THE CONDUCT OF DEFENDANTS MOISE, GIBSON, FERRARO, GALVEZVSKIY AND WILLIAMS AND the City of New York, ALL AS Described in this Complaint VIOLATED MR. Rodriguez's 8th and 14th CONSTITUTIONAL RIGHTS AS well AS the NUNEZ agreement, to be free from Degrading treatment, physical ABUSE AND excessive force. THE CITY OF NEW YORK IS LIABLE, AS employer of each of the DEFENDANTS, for their wrong doing under the doctrine of RESPONDEAT SUPERIOR. AS A RESULT OF the DIRECT MISCONDUCT AND ABUSE OF Authority Detailed in this complaint, MR. RODRIGUEZ SUSTAINED the DAMAGES ALLEGED

JURISDICTION

27. THIS COMPLAINT IS BROUGHT PUSUANT to the 8th AND 14th AMENDMENTS to the CONSTITUTION of the United States, 42 USC §1983. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §1331 AND 1343 (A), AND UNDER 28 USC §1367 Which provides JURISDICTION over claims which Arise under New York State LAW.

28. **PLAINTIFF'S CERTIFICATION AND WARNINGS**

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 1/29/21 | P. Rod~~ |
| **Dated** | **Plaintiff's Signature** |
| Peter | Rodriguez |
| **First Name**    **Middle Initial** | **Last Name** |
| 125 white street M.D.C. | |
| **Prison Address** | |
| New york    Ny    10013 | |
| **County, City**    **State**    **Zip Code** | |

Date on which I am delivering this complaint to prison authorities for mailing: 1/29/21

PRAYER FOR RELIEF

**29.** wherefore, PLAINTIFF Request that this court:

**30.** Declare that the CONDUCT of the DEFENDANTS MOISE, GALVEZVSKIY, GIBSON, WILLIAMS, Ferraro AND the CITY of New York AS described in this complaint, Violated the rights of Mr. Rodriguez under the 8th AND 14th AMENDMENTS to the CONSTITUTION OF the UNITED States AND UNDER New York STATE LAW;

**31.** AWARD PLAINTIFF Peter Rodriguez compensatory DAMAGES in the AMOUNT of $300,000 Against ALL Defendants for the Pain AND mental Anguish suffered due to the deliberate indifference AND MALICIOUS MISCONDUCT of DEFENDANTS Jointly and Severly, AND such additional RELIEF as the court MAY deem JUST AND Proper.

Peter Rodriguez PRod
3491603090
125 white st M.D.C.
NY, NY 10013
PLAINTIFF, PRO SE

DATED: JANUARY 29, 2021
New York, NY

Peter Rodriguez
349-16-03090
125 white St  M.D.C.
New York, Ny  10013

RECEIVED
SDNY PRO SE OFFICE
2021 FEB -9  AM 10: 34



U. S. D. C.
S. D. N .Y.
pro se intake
500 Pearl street
NY , Ny  10007

10:00 AM
1/30/21